SETH ALLEN, Appellant, *v.* HANS N. SCOTT, Appellee.

APPEAL FROM RANDOLPH.

A collector of taxes in a town, under an ordinance, must, in his proceedings, strictly follow the directions of it; and when acting under a special authority, he must show affirmatively the warrant for his proceeding.

So much of the case of Shaw *v.* Dennis, 5 Gilman, 405, as construes section 35, chap. 89, of Rev. Sts. is overruled.

Where a defence sets up matter of positive and absolute right, as the levy of an execution, &c., a special replication is required; but where the defence amounts to an excuse for the act complained of, &c., the general replication, as *de injuriâ*, &c., is sufficient.

ALLEN brought this action of trespass against Scott, for entering the close of Allen and seizing, taking, and driving away one yoke of oxen, &c., the goods of Allen, &c., and converting the same to his own use, &c.   The declaration contains two counts; the second is for taking and carrying away the same goods, &c. To this declaration Scott pleaded not guilty, and a special plea,

stating : That at the time when, &c., he, Scott, was collector of the corporation taxes for the town of Chester; that as such collector, he proceeded to collect the taxes of said town ; that Allen owed taxes ; and as such collector, the taxes being due, Scott entered into, and upon said close for the purpose of seizing and taking, &c., and did take and seize, &c., said goods, as and for the taxes so due, which are the trespasses complained of, &c.

To the plea of not guilty, there was an issue to the country. To the special plea Allen replied, that Scott, in his own wrong, and not in the due execution of his office, committed the trespass, &c., because the ordinance required that the collector, if the taxes should not be paid when demanded, or within ten days thereafter, should proceed to collect the taxes by distraining the personal chattels of, &c., and selling the same, &c., and that Scott did not, ten days before the seizing and taking, &c., make such demand of the payment of said taxes, &c., and that Scott entered with force and in his own wrong, &c.

To these replications Scott demurred, to which there was joinder ; the demurrer was sustained, and Scott had judgment for his costs. From this decision, rendered at September term, 1850, by Underwood, Judge, in the Randolph Circuit Court, Allen appealed.

DAVID J. and H. S. BAKER, for appellant.

*De injuriâ*, &c., is the proper form in matters of *excuse ;* but when it consists of, or comprises matter of title or interest in the land, &c., or the command of another, or authority derived from the opposite party or matter of record, in any of these cases it is improper, &c.    Stephen on Pleading, 164, &c. ; Id. 174, 264, 265 ; 1 Smith's Leading Cases, 54.

In trespass to persons, if the defendant has pleaded *son assault*, and self-defence, or defence of a father, &c., or any other plea merely in excuse, and not a justification under process of a court of record, the replication of *de injuriâ* is in general proper. 1 Chitty's Pleading, 592, &c.

The rule as laid down in Crogate's case, (8 Coke, 66,) is that when a defendant justifies by a capias to the sheriff, and a warrant

from him to defendant, *de injuriâ* is no good replication; but the plaintiff may in such case reply *de injuriâ*, and traverse the warrant. The reason of its being bad is because the replication put in issue to the jury, matter of record, as parcel of the cause, *i. e.* matters of record cannot be replied to generally *de injuriâ*.

The defendant may, however, admit the capias, and reply *de injuriâ absque residuo causæ.* 1 Smith Leading Cases, 541; Saunders's Rep. 294, note (a.) This rule is adopted in 5 Johns. Rep. 112.

In an action for assault, &c., upon plaintiff in his own house, the defendant cannot justify on the ground that he is the owner of the house; that the possession was unlawfully withheld from him, and he only used sufficient force to enter and overcome plaintiff's resistance, and a replication *de injuriâ* by plaintiff is good. 11 Pick. 379.

Where the justification is under a writ, warrant, or other process of a court of record, plaintiff cannot reply *de injuriâ*, &c.; he may protest the writ, &c., and reply *de injuriâ* as to the residue. 1 Chitty, Pl. 593, and following. See also 1 Chitty Pl. 597, where it states the process under which defendant justifies must issue from a court of record. A justification under proceedings in any court which is not a court of record, *de injuriâ* is a good replication. 1 Chitty, Pl. 605.

The general rule, that when the defence rests upon an authority of law, the replication must be special, as a general proposition, is inaccurate. 1 Chitty, 607, &c.; 1 Smith's Leading Cases, 56.

G. KOERNER, for appellee,

Cited, 5 Johnson, 112; 64 Id. 150; 12 Id. 491; 2 Pick. 359; 1 Chitty's Pl. 10th edition, pages 592, 605, 606, 607, 608, 609, 610; 4 Wendell, 578; 5 Gilman, 419.

CATON, J. The defendant justified the trespass complained of, under the assessment list of the town of Chester, and under certain ordinances of the president and trustees of the town, by which it became his duty, as collector of the town, to collect a certain amount of taxes assessed against the plaintiff, and that

for that purpose, he distrained the goods and chattels in the declaration mentioned. In his first replication to this plea, the plaintiff sets forth the sixth section of the town ordinances, which makes it the duty of the collector to collect the taxes, for which purpose he should call upon such persons named in the list, as might reside or be found in the town, and proceeds; " and if the tax upon any property shall not be paid by the person liable therefor, when demanded by the collector, or within ten days thereafter, he shall, forthwith, proceed to collect the same by distraining such of the personal chattels of the person from whom such tax is due, not exempt from execution, as will be sufficient to satisfy the tax, together with the costs of selling the same at public vendue." The replication also avers, that the plaintiff was a resident of the town, and that the defendant did not, ten days before he seized the goods and chattels, make a demand of him for the taxes. To this replication a demurrer was filed and sustained, and this is assigned for error. We now think this demurrer was improperly sustained. The authority of the collector to distrain for taxes depends entirely upon the ordinance, and he can only distrain at the time and in the manner which that authorizes. That gives him authority to distrain in a particular event, and after certain steps have been taken. He is first to call upon the resident tax-payer for the tax, and if it is not paid when demanded, or within ten days thereafter, then he shall proceed to collect by distress. The ordinance does not make it his duty to distrain till after the expiration of that time, nor is there a word of authority for him to do so, till the duty arises. There is no general authority for him to proceed at his discretion or convenience. The collector was acting under a special authority; and, in that case, he should be able to show, affirmatively, the warrant for his proceeding. He might as well have proceeded to make the distress, before he made the demand, as before the expiration of the ten days. The one was contemplated by the ordinance as much as the other, before the duty was imposed or the authority vested, to make the levy. We think the provisions of this ordinance are substantially the same as those of sec. 35, chap. 89, Rev. Stats.; and although, in the case of Shaw *v.* Dennis, 5 Gilman, 419,

we thought that statute would bear a different construction, upon further reflection, we think it our duty to recall what was then said by the court, on the construction of that statute. Upon another ground, the objection to the pleas in that case was properly overruled.

To the same plea, the plaintiff also filed the general replication *de injuriâ*, &c., to which a demurrer was also sustained, and, we think, properly. It would be a useless labor to attempt to review all the cases where this replication has been sustained or overruled. To reconcile them all would be impossible. There are cases undoubtedly sustaining the rule insisted upon by the plaintiff's counsel, that this replication is proper, except where the plea justifies by matter of record; and yet, cases are not wanting, where a special replication has been required to a plea, setting up a defence in no way depending upon matter of record. It must be admitted, that many of these distinctions are more artificial than substantial, and do not contribute very essentially to the promotion of the ends of justice. So long, however, as we are to look to the rules of the common law to govern us in pleading, we are not at liberty to disregard them. The most satisfactory and tangible rule is this: that where the defence sets up matter of positive and absolute right, as the levy of an execution, the service of a warrant, the collection of tithes or taxes, and the like, there a special replication is required; but where the matter set up in defence amounts to but an excuse for the act complained of, and is not the exercise of an affirmative right, as *son assault demesne*, there the general replication, *de injuriâ*, &c., is sufficient. Lytle *v.* Lee & Ruggles, 5 Johns. 112; Coffin *v.* Basset, 2 Pick. 357; Coburn *v.* Hopkins, 4 Wend. 578.

*Judgment reversed.*