[No. 3,772.]

MITCHELL v. CROSBY.

EFFECT OF CODES ON REVENUE LAWS. — Section three thousand eight hundred and ninety-one of the Political Code, which declares that the provisions of the Code with respect to revenue must be construed as if passed on the last day of the session of 1871–2, has the effect to repeal all Acts passed at the session of 1871–2 concerning revenue, except Acts amendatory of or carrying into effect the Codes.

REVENUE SYSTEM OF THE CODES GENERAL. — It was the intention of the Legislature in adopting the Codes to establish one revenue system, which should be applicable alike to all the counties.

POLL TAX BLANKS. — By section three thousand eight hundred and ninety-one of the Political Code, it is made the duty of the Auditor to deliver the poll tax blanks to the Assessor.

DISTRICT ASSESSORS — CONSTRUCTION OF CODE. — When the Code mentions Assessors it means District Assessors as well as County Assessors, so long as the present District Assessors remain in office.

POLL TAXES. — The collection of poll taxes or of license taxes, or of any taxes other than taxes upon property, may be transferred from one to another class of officers at the will of the Legislature, although those duties may have pertained to one of those officers when the incumbents were elected.

APPLICATION to the Supreme Court for mandamus to require the respondent, as Auditor of Placer County, to deliver the poll tax blanks to the petitioner as Assessor.

The County of Placer was divided into three revenue districts, in each of which was an Assessor and Collector. The petitioner was the Assessor in one of these Districts. The Auditor claimed that the Collector was entitled to collect the poll taxes, and refused to deliver the blank poll tax receipts to the petitioner.

*Creed Haymond,* for Petitioner, cited sections three thousand eight hundred and forty and three thousand eight hundred and sixty-two of the Political Code.

*E. L. Craig,* for Respondent.

By the COURT:

The question presented for decision is whether the Assessor for the First Revenue District of the County of Placer, or the Tax Collector for the same district, is entitled to collect the poll taxes in such district. It is provided by section three thousand eight hundred and forty-five of the Political Code, that the County Auditor must, on demand, etc., deliver the poll tax blanks to the County Assessor, and the Code provides for the collection of the poll taxes by that officer. The Act of March 28th, 1872, concerning the District Tax Collectors of Placer County (Stats. 1871–72, p. 656,) provides that the "present District Tax Collectors of Placer County" are authorized to collect the poll taxes in their respective districts. The Act took effect on its passage. There is a manifest conflict between that Act and the Political Code, in respect to the collection of the poll taxes in that county.

It becomes apparent, on an inspection of the Political Code, that the Legislature intended to establish one revenue system which should be applicable alike to all the counties of the State; and an examination of the statutes manifests the wisdom, if not the necessity, of such a system. In pursuance of that policy, section three thousand eight hundred and ninety-one of the Political Code was adopted, which provides among other matters, that with respect to Acts passed at that session of the Legislature the provisions of Title IX, Part III (respecting revenue), must, after that Title takes effect, be construed as though the new Political Code

had been passed on the last day of that session ; but that the provisions of that section should not apply to any Act *expressly amendatory* of either of the Codes, or putting into effect any part of either of them.    That section had the effect to repeal the Act of March 28th, 1872, as the Act is not expressly amendatory of the Political Code, and it became the duty of the Auditor to deliver the poll tax blanks to the Assessor.

The Auditor is directed by section three thousand eight hundred and forty-five to deliver the poll tax blanks to the County Assessor, and it may be contended that this requirement is inapplicable to Placer County at the present time, because District Assessors were elected in that county.    But the Code was adopted in view of that fact, and also of the requirement of the Constitution, that the duties which properly pertain to that office, must be performed by persons who were elected as Assessors ; and when the Code mentions Assessors it must be construed as meaning District Assessors, as well as County Assessors, so long as the present District Assessors remain in office.    There are other provisions of the Code which lend support to this view, and go to sustain the proposition, that it was the intention of the Legislature to establish one uniform revenue system for the whole State.

The objection that a provision transferring the collection of poll taxes from the Collectors to the Assessors, is opposed to the constitutional requirement that the Collectors must be elected to their respective counties, districts, etc., cannot be sustained ; for that requirement has relation only to the collection of taxes upon property.    The collection of poll taxes, or of license taxes, or of any taxes other than taxes upon property, may be transferred from one to another class of officers at the will of the Legislature, although those duties

may have pertained to one of those classes at the time when the incumbents were elected. (*Attorney General* v. *Squires,* 14 Cal. 12.)

Mandamus ordered.