GEORGE M. DOUGLASS v. MORRIS HOPPAUGH ET AL.

*De injuria* is a good replication to a plea of leave and license to a count for breach of covenant.

On motion to strike out replications.

Argued at November Term, 1883, before Justices REED and PARKER.

For the motion, *H. W. Hays.*

*Contra, J. W. Griggs.*

The opinion of the court was delivered by

REED, J. The declaration in this cause is for the breach of covenants contained in a sealed agreement entered into between the parties, by the terms of which the defendants were

to erect a certain building for the plaintiff according to the requirement of certain drawings and specifications. The breach, as set forth in the declaration, consisted in a failure on the part of the defendant to perform certain portions of the work called for in the said agreement.

Several pleas were filed in answer to this declaration. The third plea was that the defendant did commit the said supposed breaches by leave and license of the said plaintiff to them, the said defendants, for that purpose first given and granted. The fourth plea is that during the erection of said buildings the said plaintiff did request certain alterations, deviations, additions and omissions at the request of him, the said plaintiff, which said alterations, deviations, additions and omissions are the said supposed breaches. To each of these pleas the replication *de injuria* was interposed, and the motion is to strike them out. The propriety of the use of this replication in actions *ex contractu* was recognized by the case of *Ruckman* ads. *Ridgefield Park R. R. Co.,* 9 *Vroom* 98.

The use of this pleading was originally confined to actions in tort, and the attributes of this replication were first defined in the four resolutions in *Crogate's case,* 1 *Smith's Lead. Cas.* *53. The meaning to be ascribed to these resolutions, in their application to the facts arising in subsequent cases, has afforded a rich field for the display of judicial acumen, and a vast amount of learning is scattered through the English reports treating of this one subject. This celebrated case, by the way, is the subject of a very witty dialogue, published in the appendix to 7 *Rob. Prac.,* and written by a gentleman who was afterwards a judge of the Court of King's Bench.

Upon referring to the cases cited by Mr. Robinson, it is perceived that much apparent contradiction pervades the ruling of the courts and the language of the judges in regard to the circumstances which permit the use of this replication in case of torts. It will readily be perceived that when the rules in Crogate's case are resorted to as a guide to determine its proper use in actions upon contract, this confusion is not dissolved. For instance, under the third rule, it is said that when, by de-

fendant's plea, any authority or power is mediately or immediately derived from the plaintiff then, although no interest be claimed, the plaintiff ought to answer it, and shall not reply generally, *de injuria sua propria*.

Now take the case of the privilege of entering upon the land of another by virtue of a license given by the owner, which, it is true, is revocable, yet, when executed, the entry would seem to be clearly an act done by the authority of the owner. Nevertheless, one of the instances given in the books of a proper use of this replication is in an action for trespass to lands where the leave and license of the plaintiff is pleaded. *Barnes* v. *Hunt*, 11 *East* 451. The judicial interpretation of this resolution is that the replication *de injuria* is only to be received where the defence set up is matter of excuse, and not where it asserts any right or interest. *Jones* v. *Kitchin*, 1 *Bos. & P.* 76; *Allen* v. *Scott*, 13 *Ill.* 80, and cases cited in *Ruckman* v. *Ridgefield Park R. R. Co.*, *supra*. The third plea filed in this case is one of excuse within the meaning of this rule.

The form for a replication *de injuria* to a plea of leave and license interposed to a declaration for breach of covenant, is found in Wentworth and Chitty. 3 *Wentw.* 232; 3 *Chitty on Plead.* 1185. The replication to this plea should stand.

I think the fourth plea must be regarded also as one in excuse of the failure to perform. It is not a plea of a substituted performance, which might amount to an accord and satisfaction, but seems to be a statement of the method in which the license of the plaintiff arose. This being so, the replication is good.

The motion to strike out is refused, with costs.