GROSS INCOME TAX DIVISION, DEPARTMENT OF TREASURY ET AL. *v.* INDIANAPOLIS BREWING COMPANY, INC., ET AL.

[No. 16,059.  Filed March 5, 1940.  Rehearing denied April 17, 1940.  Transfer denied June 28, 1940.]

*Omer S. Jackson,* Attorney General, and *Joseph P. McNamara,* Deputy Attorney General, for appellants.

*McHale, Arthur & Meyers* and *Merl M. Wall,* all of Indianapolis, for appellees.

BRIDWELL, P. J.—Each of the appellees (fourteen in number) is an Indiana corporation, engaged in the manufacture and sale of alcoholic malt liquors within this state, operating under a license duly issued by the Excise Department of the State of Indiana, and also under a Federal permit issued by the Alcoholic Tax Unit, Bureau of Internal Revenue, Treasury Department of the United States Government, and each is subject to taxation in accordance with and pursuant to the terms and provisions of the Gross Income Tax Act of 1933. §§ 64-2601, et seq., Burns' 1933 (Acts of 1933, chap. 50, p. 388).

In the year of 1934, each appellee filed its return, as required by said Gross Income Tax Act, deducting from its gross receipts the amount it had theretofore paid to the United States Government under the provisions of the Revenue Act of 1918 as amended by Section 9 (a) of the Liquor Taxing Act of 1934, which imposes a tax of five ($5.00) dollars a barrel, and at a like rate for any other quantity, upon "all beer, lager beer, ale, porter, and other similar fermented liquor, containing one-half of 1 per centum, or more, of alcohol, brewed or manufactured and sold, or removed for consumption

or sale, within the United States, by whatever name such liquors may be called. . . ." (See U. S. C. A. Title 26, § 3150, F. C. A. Title 26, § 1330.)

This action was brought by appellees against the appellants pursuant to authority granted by the Uniform Declaratory Judgments Act of this state (Acts of 1927, chap. 81, p. 208, §§ 3-1101, et seq., Burns' 1933). The purpose of the action was to have the trial court render a declaratory judgment concerning whether or not each of the plaintiffs (appellees) was entitled to deduct from its gross receipts an amount equal to the amount of tax paid by it to the United States Government, as required by the Acts of Congress levying such tax and requiring its payment.

The issues were closed by an answer of general denial to the complaint. The cause was submitted to the court for trial, and, after hearing the evidence, the court in due course rendered its decision and judgment, which in so far as it need be set forth is as follows:

> "Come again the parties . . . and the court being fully advised in the premises now finds that the plaintiffs and each of them are corporations organized and existing under and by virtue of the laws of the State of Indiana and that they are engaged in the manufacture and sale of alcoholic malt liquors under a license duly issued by the Excise Department of the State of Indiana and are also operating under Federal permits issued by the Alcoholic Tax Unit, Bureau of Internal Revenue, Treasury Department of the United States, and that they are commonly known as brewers; that in connection with the conduct of their business said plaintiffs manufacture and sell alcoholic malt beverages to persons throughout the State of Indiana; that the United States Government by section 608 of the Revenue Act of 1918 as amended by Section 9 (a) of the Liquor Taxing Act of 1934 imposes a tax of Five ($5.00) Dollars a barrel upon all beer withdrawn from storage or use by a

brewer, which tax must be paid to the Federal Government at the time of such withdrawal and before the sale of such beer. That said tax is required to be paid by the purchase of stamps which are placed on the barrel or container of said beer at the time of withdrawal; which stamps are paid for by the brewer from day to day and affixed to said containers as the beer is withdrawn from storage; that the said plaintiffs then add the cost of the tax at the rate of Five ($5.00) Dollars per barrel to the price at which said beer is sold to the buyer; that said plaintiffs for the year 1934 sold and disposed of a large number of barrels of beer upon which plaintiffs paid to the Bureau of Internal Revenue a large amount of money as and for tax upon said beer.

"The court further finds that in making their return of Gross Income for the year 1934 under and pursuant to the provisions of the Gross Income Tax Law of the State of Indiana, said plaintiffs deducted from their tax returns for the year 1934 the amount of money so paid to the Federal Government as and for the Federal Tax of Five ($5.00) Dollars per barrel on beer withdrawn and sold wholly within the State of Indiana; for the reason that plaintiffs claimed that they were not liable for tax upon the amount of money paid to the Federal Government as and for the said tax on beer as such money was collected by them as an agent of the Federal Government and that they were exempted from the payment of Gross Income Tax to the State of Indiana upon the same by reason of subsection (b) of Section 6 of the Gross Income Tax Act of the State of Indiana; that the defendants have duly assessed an additional tax for the year 1934 against plaintiffs to cover the amounts of money representing said Federal Tax and deducted from said plaintiffs' income tax returns upon the theory that said plaintiffs are not agents of the Federal Government in the collection of said Federal Tax on beer.

"And the court further finds that in the payment of the Federal Tax on beer of Five ($5.00) Dollars per barrel and in the addition of said tax to the price at which said beer is sold to the buyer the

said plaintiffs are acting as agents of the Federal Government in the collection of said tax and are therefore, within the exemption provided in Subsection (b) of Section 6 of the Gross Income Tax Act of the State of Indiana, and that they therefore are not liable for the payment of Gross Income Tax upon the amount of money paid by said claimants as and for the Federal tax of Five ($5.00) Dollars per barrel upon beer.

"It is therefore ordered, adjudged and decreed that the plaintiffs herein in the payment of said Federal tax of Five ($5.00) Dollars per barrel before the same is withdrawn for use or sale, and the addition of such tax so added to the selling price of said beer are acting as agents of the Federal Government in the collection of said tax and therefore comes within the exemption set forth in Subsection (b) of Section 6 of the Gross Income Tax Act of the State of Indiana, and are not liable for the payment of Gross Income Tax upon such amount of Federal tax paid to the Federal Government and collected by them when said beer is sold to persons within the State of Indiana."

Appellants duly filed their motion for a new trial, assigning the following causes therefor: (1) the decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law. The motion was overruled, an exception reserved, and this appeal followed. The sole error assigned is that the court erred in overruling said motion.

There is no conflict in the evidence. The facts heretofore stated are proved without contradiction, and upon the trial of the cause, it was stipulated "that the plaintiffs are engaged in the manufacture and sale of alcoholic malt liquors commonly known as beer, and are generally known as brewers; that in connection with the manufacture and sale of said alcoholic malt liquors these said plaintiffs pour off the liquor derived from the fermentation of the mash into large tanks which are under control of the proper officials of the United States

Treasury Department; that all the liquor or beer drawn therefrom is measured by meter, and the amount so drawn off is measured and a record kept thereof by said officers representing the Treasury Department; that the Federal Government, by Section 608 of the Revenue Act of 1918 as amended by Section 9 (a) of the Liquor Taxing Act of 1934, imposes a tax of Five ($5.00) Dollars a barrel upon all beer so withdrawn from storage by these brewers, which said tax must be paid to the Federal Government at the time of such withdrawal and before the sale of said beer; that said law provides for the issuing of stamps to be purchased from day to day by said brewers, which said stamps are required to be placed on the barrel or container in which said beer is placed at the time it is withdrawn from storage." It also appears from the evidence that each of the appellees in fixing the price at which their products are sold to any purchaser thereof, include in such price the exact amount of tax which had been paid to the United States Government, and that each deducted the amount so paid from its gross receipts in making its return under the Gross Income Tax Law of 1933, for the year 1934.

Appellees' contention that they are entitled to deduct from their gross income the amounts paid as a tax to the United States is based upon the fact that Section 6 of said Gross Income Tax Act provides that "there shall be excepted from gross income taxable under this act: . . . (b) All taxes received or collected by the taxpayer as agent for the State of Indiana and/or the United States of America." This contention is tenable if, in fact, appellees were agents of the United States, acting for it under authority duly conferred, when they added to the price of their product, and collected from those to whom the same were sold, a

certain definite amount equal to the amount of tax imposed upon such products. Generally speaking, "an agent is one who, by the authority of another, undertakes to transact some business or manage some affairs on account of such other, and to render an account of it." See C. J. S. Vol. 2, § 1, p. 1024. See, also, Am. Jur. Vol. 2, § 2, p. 13; Am. Law. Inst. Restatement, Agency, § 1, p. 7.

Upon reading the evidence, we find it sufficient to sustain the decision, except in one vital particular. The trial court finds "that in the payment of the Federal tax on beer of Five ($5.00) Dollars per barrel, and in the addition of said tax to the price at which said beer is sold to the buyer, the said plaintiffs are acting *as agents* of the Federal Government in the *collection* of said tax and are therefore, within the exemption provided in Subsection (b) of Section 6 of the Gross Income Tax Act of the State of Indiana; and that they therefore are not liable for the payment of gross income tax upon the amount of money paid by said claimants as and for the Federal tax of Five ($5.00) Dollars per barrel upon beer." (Our italics.)

There is an entire lack of evidence to prove that appellees, or any of them, were agents of the United States Government required by any duty imposed by the laws of the United States or by any contractual obligation existing between them and the United States Government to collect from the purchasers of their products any amount or amounts, and thereafter account therefor to the United States. To the contrary, it clearly appears from the record that the United States Government has imposed upon *appellees* and all others engaged in operating a like business, a tax for the privilege of manufacturing for sale or consumption the products in which they deal, and has

provided for the collection of such tax *from* the appellees, instead of constituting appellees (and others similarly engaged) as agents for the collection of said tax from others. The tax imposed must be paid to the government *before* there is any sale or consumption of the manufactured product, and when it is once paid, the Government is no longer interested, and has no need for an agent in this connection. Appellees having paid the tax, are under no further obligations to the United States; they may sell their products at such price as they see fit; they may bestow any part of such products upon others as a gift if they so desire, or they may properly include as an item of cost, when they fix the price at which their products will be sold, an amount equal to any tax paid. When such products are sold, the entire proceeds of any sale becomes the sole property of the vendor, and constitutes a part of the gross income derived from the business in which any such vendor is engaged.

We are of the opinion that the decision of the court is not sustained by sufficient evidence, and that it is contrary to law. Since the action is one for a declaratory judgment upon an undisputed state of facts, no useful purpose would be served by any retrial of the cause.

Judgment reversed, with instructions to enter judgment consistent with this opinion, declaring that the respective appellees are not entitled to the exemption claimed, and that the several amounts deducted from the respective gross income tax returns made in the year 1934, are subject to taxation pursuant to and in accordance with the provisions of our Gross Income Tax Act of 1933.

NOTE.—Reported in 25 N. E. (2d) 653.