DEPARTMENT OF TREASURY ET AL. *v.* MIDWEST LIQUOR DEALERS, INC.

[No. 17,028. Filed April 30, 1943. Rehearing denied June 2, 1943. Transfer denied June 23, 1943.]

570

*James A. Emmert* and *George N. Beamer,* Attorneys General, *David I. Day, Jr., Byron B. Emswiller,* and *Joseph P. McNamara,* Deputies Attorney General, for appellants.

*Leroy Sanders,* of Indianapolis, for appellee.

DOWELL, J.—This was an action brought by appellee, plaintiff below, for a declaratory judgment to construe portions of the Indiana Gross Income Tax Act (Ch. 50, Acts 1933; Ch. 117, Acts 1937) and the Liquor Control Act of Indiana (Ch. 226, Acts 1935).

The complaint was in two paragraphs to which appellants, defendants below, filed answers of general denial and on the issues thus joined the cause was submitted to the trial court on an agreed stipulation of facts made in open court and admitted as evidence by which the following appears:

That appellee since April 1, 1935, has been an Indiana corporation engaged in the wholesaling of alcoholic spirituous beverages under a wholesale liquor dealer's license issued by the Alcoholic Beverage Commission of the State of Indiana and as such pays to the State of Indiana the required license fee for the right to engage in such business; that pursuant to the law of Indiana (Acts 1935, ch. 226, § 40 (b), pp. 1175, 1176) appellee was required to purchase from the Alcoholic Beverage

Commission excise stamps and was required to affix such stamps to the immediate container of alcoholic spirituous beverages therein contained, and duly cancel same of the denomination of one dollar on each gallon, twenty-five cents on each quart, twenty cents on each one-fifth gallon, twelve and one-half cents on each pint and six and one-fourth cents on each half pint or fraction thereof; that no other stamp or tax was required by law to be so purchased or so affixed to a container in which such beverages were sold or given away within the State; that appellee, and no one else, was required by law to purchase such stamps to be so affixed upon such containers of such beverages sold or given away, or withdrawn for sale or gift, by appellee within the State and that the Indiana Alcoholic Beverage Commission did not permit any distiller or retailer (except transient dining car permittees) to purchase or affix such stamps; that wholesale liquor dealers licensed as such under the law of Indiana by the said commission were the only persons so required to buy excise stamps from the excise director (except transient dining car permittees); that appellee was not so required to purchase and affix same to containers unless a sale or gift was made, or unless there was a withdrawal for sale or gift; that appellee and other wholesale liquor dealers were selected by the said Commission as the purchasers of excise stamps, providing against the State of Indiana any loss on account of such stamps; that during the year of 1935 appellee purchased from said Commission such excise stamps and paid therefor the sum of $77,838.41 and during the year 1936 purchased such stamps and paid therefor the sum of $208,099.83.

Paragraph one of the complaint pleads the Gross Income Tax Law of 1933 (Acts 1933, ch. 50, p. 388, subsection F of § 1) and the Liquor Control Act of

1935 (Acts 1935, ch. 226, p. 1056, § 40); paragraph two thereof the Gross Income Tax Law as amended by the Act of 1937 (Acts 1937, ch. 117, subsection M of § 1), and likewise the Liquor Control Act of 1935, *supra*.

Reduced to its fundamentals the complaint otherwise alleges that appellee, pursuant to the requirements of the law, during the years 1935, 1936 and 1937 purchased excise stamps, affixed them to alcoholic beverage containers which were sold by appellee with amount of tax added to price; that upon sale thereof and payment therefor appellee was reimbursed for such excise stamps by its customers; that upon making its gross income tax returns for said years appellee did not include therein as taxable gross income the money returned to it by its customers which appellee had previously expended for such stamps; that the Gross Income Tax Department was about to assess an additional tax against appellee as gross income tax on the money expended for such stamps; that there was no authority in the said Gross Income Tax Law for the State of Indiana to levy a tax upon a tax; that appellee was acting as agent for the State of Indiana in the collection of such excise taxes and that the return of said money to appellee was not a part of its gross income within the meaning of said Gross Income Tax Law; that said money cannot be classified as taxable gross income within the meaning of said law; that such money is specifically exempted from taxation under the Gross Income Tax Law by Section 6 (b) thereof.

The finding and judgment of the court below was as follows:

"And the Court being duly advised in the premises, finds for the plaintiff, that the allegations of its complaint for a declaratory judgment are true and that plaintiff is entitled to the judgment

therein prayed for; that the meaning and effect of the Gross Income Tax Law of the State of Indiana (Acts of 1933, Chapter 50, as amended by the Acts of 1937, Chapter 117) and the Liquor Control Act of the State of Indiana (Acts of 1935, Chapter 226) is that any monies received by plaintiff in reimbursement for any monies expended by plaintiff for excise stamps purchased by plaintiff from the Alcoholic Beverage Commission of the State of Indiana, is not a part of plaintiff's gross income within the meaning of said Gross Income Tax Law, is exempted therefrom, and is not subject to such tax. That plaintiff acts as Agent of the State of Indiana in the collection of such excise taxes.

"IT IS THEREFORE, CONSIDERED, ADJUDGED AND DECREED by the Court, that in the collection of said excise taxes under the aforesaid Liquor Control Act (Acts 1935, Chapter 226), the plaintiff acts as agent of the State of Indiana; that any monies received by the plaintiff in reimbursement for any monies expended by plaintiff for excise stamps purchased by plaintiff from the Alcoholic Beverage Commission of the State of Indiana, is not a part of plaintiff's gross income within the meaning of said Gross Income Tax Law, is exempted from such tax and is not subject to be taxed under said Gross Income Tax Law; and the State of Indiana, its Gross Income Tax Division, and the defendants herein, ought not and cannot recover from plaintiff any gross income tax on any monies received by plaintiff as reimbursement to plaintiff for monies expended and advanced by plaintiff in the purchase of said excise stamps from the Alcoholic Beverage Commission of the State of Indiana.

"It is further considered and adjudged by the Court that plaintiff recover of defendants its costs herein."

Appellant's motion for a new trial questions the sufficiency of the evidence to sustain the trial court's decision and asserts that the decision is contrary to law.

Thus the question so presented to this court for consideration is: Whether or not the appellee was the

agent of the State of Indiana acting for and on behalf of the State in the collection of the stamp tax and whether or not appellee was compelled to pay a gross income tax upon the money received by it from its customers in reimbursement of that previously laid out and expended for the purchase of excise stamps from the excise department.

It is the appellee's contention that it was such an agent and that for this reason appellee comes within the exception provided in Acts 1933, ch. 50, § 6 (b), § 64-2606, Burns' 1933, which is as follows:

> "There shall be excepted from the gross income taxable under this act: (b) All taxes received or collected by the taxpayer as agent for the State of Indiana and/or the United States of America."

In resolving the questions here presented we must stand upon the premise that all regulations and taxes provided for by the Liquor Control Act of 1935 are imposed under and by virtue of the police power of the State of Indiana. The statute so expressly declares and its validity has not and, indeed, could not, be called into question by this appeal. This being true, it follows that the stamp tax involved here is imposed, not for the purpose of raising revenue, but for the purpose of regulation, for it must be borne in mind that the police power of the sovereignty is distinguished from the taxing power, in this, that the taxing power is exercised for the sole purpose of raising revenue while the police power can be exercised only for the purpose of promoting the public welfare, and, although this end may be attained by taxing, or by licensing occupations, yet the object must always be regulation and not the raising of revenue. The police power, though co-existent with the taxing power, is in no wise dependent upon it, nor subject to the

limitations and restrictions circumscribing it. *City of Terre Haute* v. *Kersey* (1902), 159 Ind. 300, 64 N. E. 469; *State ex rel. Blaine* v. *Wisconsin Tel. Co.* (1919), 169 Wis. 198, 172 N. W. 225; *City of Des Moines* v. *Manhattan Oil Co.* (1922), 193 Iowa 1096, 184 N. W. 823, 23 A. L. R. 1322; *State* v. *Mason* (1938), 94 Utah 501, 78 P. (2d) 920, 117 A. L. R. 330; *Viquesney* v. *Kansas City* (1924), 305 Mo. 488, 266 S. W. 700; *State* v. *Gowdy* (1922), 62 Mont. 119, 203 P. 1115; *State* v. *Anderson* (1921), 144 Tenn. 564, 234 S. W. 768; *Oil City* v. *Oil City Trust Co.* (1892), 151 Pa. 454, 25 A. 124.

Nor can we consider whether the act of the Legislature in imposing the stamp tax provided for by the Liquor Control Act was a proper exercise of the police power of the State, or whether the tax was intended to and does produce revenue in excess of that necessary to the proper regulation of the liquor traffic and therefore goes beyond the limitations upon the police power or whether the provisions of the act are reasonable. Such questions might be interesting, if properly raised but, as previously stated herein they are not available here.

Hence certain propositions set out by appellee in its brief and bearing upon matters which might be reviewed were we concerned with the taxing power of the sovereignty are eliminated from consideration, and we are confronted with one problem only and that is, the contention of the appellee that it was acting as the agent of the State of Indiana in the collection of the stamp tax.

Section 40 (b), Acts 1935 (the Liquor Control Act), is as follows:

"An excise tax *on the sale or gift and/or the withdrawal for sale or gift* of . . . alcoholic spirituous beverages . . . is hereby levied and imposed at the rate of one dollar ($1.00) on each

gallon, . . . *against any permittee* holding any distiller's permit, or a rectifier's permit or a liquor wholesaler's permit, . . ." There follows a list of certain other permittees in the alternate. (Italics are ours.)

A consideration of the statute itself can lead to only one conclusion, i. e., that the tax is a privilege tax imposed by the State of Indiana upon the appellee, or others named, for the privilege of sale or gift, or the withdrawal for sale or gift, of alcoholic spirituous beverage and not a direct tax upon the commodity itself intended to be passed on to the ultimate consumer. That it is so passed on through the usual channels of trade is only incidental. The law does not require its collection from any than one or the others or all of the permittees designated in the statute.

It is earnestly contended by appellee that since, under the terms of the statute the excise department may impose the tax on other permittees than wholesalers and does not but requires only wholesalers to pay it, a. selection is made from a group and that by this process the selectee is made an agent for the collection of the tax.

Admitting that such a system may produce some inequalities we are unable to discover in the record any evidence to prove that appellee was an agent of the State required by any duty imposed by its laws to collect from any purchaser of appellee's goods any amount of money. Nor is there any evidence of contractual relationship existing between appellees and the State government by reason of which an agency could have been created.

In the light of opinions herein previously expressed

and of the well settled rule of law that the rights, powers and duties of one charged with the collection of taxes extend and are limited to such as are conferred or imposed by or under the authority of a statute we cannot, under the evidence here submitted, perceive that appellee was in any wise an agent of the State of Indiana in and for the collection of the tax imposed by the Liquor Control Act. *In re Green River Jockey Club* (1925), 5 F. (2d) 259; *Allen* v. *Scott* (1851), 13 Ill. 80; *Merchants Trust Co.* v. *Hopkins* (1930), 103 Cal. App. 473, 284 P. 1072; *Frankfort* v. *Waldo Lumber Co.* (1929), 128 Me. 1, 145 A. 241; *Commonwealth* v. *Deford Co.* (1923), 137 Va. 542, 120 S. E. 281; *Burr* v. *City of Boston* (1911), 208 Mass. 537, 95 N. E. 208; *Mitchell* v. *Crosby* (1873), 46 Cal. 97; *Dailey* v. *State, ex rel.* (1909), 171 Ind. 646, 87 N. E. 4; *O'Gara* v. *Phillips* (1929), 297 Pa. 526, 147 A. 613. See also *Gross Income Tax Division* v. *Indianapolis Brew. Co.* (1940), 108 Ind. App. 259, 25 N. E. (2d) 653.

This action was one for declaratory judgment upon a stipulation of facts. No necessity, therefore, for a retrial is indicated.

Judgment reversed with instructions to enter judgment consistent with this opinion.

NOTE.—Reported in 48 N. E. (2d) 71.