## Hausman *v.* Nye et al.

CONTRACT.—*Statute of Frauds.*—*Law of Place.*—Where the agent of a person doing business in another state contracts with a merchant in this State for the sale of a bill of goods for a price exceeding fifty dollars, and no part of the property is received by the purchaser, no earnest is given to bind the bargain, or in part payment, and no note or memorandum, signed by the party to be charged or his lawfully authorized agent, is made, such contract is an Indiana contract and void by the statute of frauds.

SAME.—*Entirety.*— *Delivery to Carrier.*—*Acceptance by Purchaser.*— Such contract is an entire one for the whole of the bill of goods ordered, and, if

a part only be shipped to the vendee, he is not obliged to accept such part ; and the delivery of a part to a carrier, in the absence, and without the knowledge, of such vendee, is not a delivery under the contract ; and a delivery to a carrier not named by the vendee is not a delivery to such vendee ;. and neither constitutes such an acceptance of the goods by the purchaser as the statute requires.

From the Daviess Circuit Court.

*J. T. Pierce*, *W. J. Mason*, *W. D. Bynum*, *D. V. Burns* and *H. Burns*, for appellant.

PERKINS, J.—Suit before a justice of the peace, upon the following bill of particulars :

"MARIETTA, OHIO, October 6th, 1874.

" Mr. Frank Hausman, Washington, Indiana, bought of A. T. Nye & Son, manufacturers of cook, parlor and heating stoves, etc.　Terms ninety days.

| | |
|---|---:|
| 2 No. 2 Omega stoves, $10 | $20.00 |
| 2 No. 3 Omega stoves, $15 | 30.00 |
| 2 No. 7 Aladdin and Ware, $11 | 22.00 |
| 3 No. 8 Charm, $5.50 | 16.50 |
| Dray | 50 |
| | $89.00 |
| Freight to Cin. 1,400 lbs., 20c. per cwt | 2.80 |
| | $86.20" |

Hausman refused to accept the goods shipped.

Judgment for the amount of the account before the justice.　Appeal to the circuit court.

Trial by the court; judgment for the appellees, plaintiffs below, for $86.20.　Motion for a new trial denied.

The grounds specified in the motion were :

1.　Finding of the court was not sustained by the evidence ;

2.　Finding was contrary to law ;

3.　Error of court in overruling a motion to strike out specified parts of a deposition ;

Hausman *v.* Nye *et al.*

4. Refusing a new trial on newly-discovered evidence.

The contract in the case between the plaintiffs and the defendant embraced all the articles in the bill of particulars sued on, and others in addition. One of the plaintiffs in his testimony said:

" I shipped the goods, as per Mr. Hausman's order, to Scott, with the exception of three No. 7 Charm heating stoves, which we could not, at that time, send, as they were not then on hand."

The defendant, Hausman, in his testimony stated, that " He ordered other goods at the same time, viz.: Ordered three No. 7 Charm heating stoves, but they did not come. I ordered all these goods at one time, and would not have ordered part without the rest. I needed the stoves which did not come, in my business."

The contract was an entire contract for the whole of the bill of goods ordered, and the defendant, Hausman, was not obliged to accept the part shipped. *Smith* v. *Lewis*, 40 Ind. 98.

Again : The contract was void by the statute of frauds. It was an Indiana contract, made at Washington, in this State, between the defendant, Hausman, and Sandford W. Scott, agent of the plaintiffs, with full power to make the same a finality. *Keiwert* v. *Meyer*, *post*, p. 587.

Our statute reads thus :

" No contract for the sale of any goods, for the price of fifty dollars or more, shall be valid, unless the purchaser shall receive part of such property, or shall give something in earnest to bind the bargain, or in part payment, or unless some note or memorandum in writing of the bargain be made, and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized." 1 R. S. 1876, p. 504, sec. 7.

In this case the contract was for the sale of goods for the price of over fifty dollars ; no part of the property

Hausman v. Nye et al.

was received by the purchaser; no earnest was given to bind the bargain, or in part payment; and no note or memorandum, signed by the party to be charged or his lawfully authorized agent, was made.

It is claimed that there was a delivery and acceptance of the goods, under the contract.

Scott, the agent of the plaintiff, testified touching the contract as follows:

"In behalf of the plaintiff, some time in September, A. D. 1874, I sold to Mr. Frank Hausman two No. 2 Omega stoves, at ten dollars each; two No. 3 Omega stoves, at fifteen dollars each; two No. 7 Aladdin cook stoves with cast ware, at eleven dollars each; three No. 7 Charm heating stoves, at four dollars and a half each; three No. 8 Charm heating stoves, at five dollars and a half each. The terms of sale were ninety days' credit. The freight was to be paid by the plaintiffs to Cincinnati, and the goods to be shipped at the defendants' risk."

Hausman, the defendant, testified:

"It was agreed, when I ordered the goods, that the plaintiffs should ship them from Marietta, Ohio, to Washington, Indiana, and that they should pay the freight to Cincinnati, Ohio, and I the rest of the way. Nothing was said by him or me about shipping goods at my risk."

As to the manner of the shipment made of the goods, Mr. Nye, one of the plaintiffs, testified:

"The plaintiffs delivered the goods in the said invoice described upon the wharf-boat of Hall & Best, steamboat agents and owners of the Marietta wharf-boat at Marietta, Ohio, marked and directed plainly to Frank Hausman, Washington, Daviess county, Indiana, consigned to the Ohio & Mississippi R. R., Cincinnati, Ohio. Bills of lading were taken, one of which was sent to Hausman."

Nothing was said between the parties, at the time of the

contract or afterward, as to the manner or route or vessel, in or by which the goods were to be shipped, nor as to the carrier to whom they were to be delivered.

The bill of lading signed by Hall & Best recited a shipment of goods by Nye & Son, " on board the good steamboat Chesapeake, to be delivered at the port in Cincinnati unto the O. & M. R. R. Co., or assigns, they paying freight, etc., marked Frank Hausman, Washington, Daviess county, Indiana."

The contract, as we have said, was an Indiana contract, and void under the statute of frauds. It was not executed by what was done in Marietta, Ohio, claimed to have constituted a delivery and acceptance; or rather, as the statute requires, a reception, by the purchaser, of the goods or a part thereof:

1. Because the contract was entire, for the delivery of all the goods or none. The delivery of a part to a carrier, in the absence and without the knowledge of the vendee, could be no delivery, under and pursuant to the contract.

2. A delivery to a carrier not named by the vendee was not a delivery to the vendee.

"It was once held, that a delivery to a common carrier, not selected by the purchaser, by the latter's direction, was an acceptance by the purchaser, within the statute. *Hart* v. *Sattley*, 3 Camp. 528. * * But this case has not been followed in later cases." *Spencer* v. *Hale*, 30 Vt. 314.

In *Rodgers* v. *Phillips*, 40 N. Y. 519, it is decided, that, " Upon a verbal contract for the sale of goods of more than fifty dollars in value, a delivery of them, in accordance with such contract, to a general carrier, not designated or selected by the buyer, does not constitute such a delivery and acceptance, under the statute of frauds, as to pass the title to the goods." Although in the case of a contract, itself valid, such a delivery might be sufficient to transfer the title and risk to the purchaser. But it is

not necessary that we should express an opinion upon this point. See *Strong* v. *Dodds*, 47 Vt. 348. Also, on the general subject, the elaborate case of *Bacon* v. *Eccles*, 43 Wis. 227; *Allard* v. *Greasert*, 61 N. Y. 1.

In *Lloyd* v. *Wright*, 25 Ga. 215, it is said in the opinion of the court:

"Under the proof, was this case within the 17th section of the statute of frauds?

"The statute requires that the purchaser shall 'actually receive' the goods. And although goods are forwarded to him by a carrier by his direction, or delivered abroad on board of a ship chartered by him, still there is no actual acceptance to satisfy the act, so long as the buyer continues to have the right, either to object to the *quantum* or quality of the goods. Chitty on Contracts, 392; Story on Contracts, 381, 382, 383; *Acebal* v. *Levy*, 10 Bing. 376; *Howe* v. *Palmer*, 3 B. & Ald. 321; *Lloyd & Pulliam* v. *Wright, Griffith & Co.*, 20 Ga. 574." *Shepherd* v. *Pressey*, 32 N. H. 49.

In *Maxwell* v. *Brown*, 39 Me. 98, the court say:

"From the language of this statute it is apparent, that when there is no written contract, a mere delivery will not be sufficient. There must further be an acceptance by the purchaser, else he will not be bound. In *Baldcy* v. *Parker*, 2 B. & C. 37, 'it was formerly considered,' observes BEST, J., 'that a delivery of goods by the seller was sufficient to take a case out of the 17th section of the statute of frauds; but it is now clearly settled, that there must be an acceptance by the buyer as well as a delivery by the seller.'"

In the same case HOLROYD, J., said:

"As long as the seller preserves his control over the goods, so as to retain his lien, he prevents the vendee from accepting and receiving them as his own, within the meaning of the statute."

Judge WRIGHT in *Shindler* v. *Houston*, 1 N. Y. 261, 269, says :

"The best considered cases hold that there must be a vesting of the possession of the goods in the vendee, as absolute owner, discharged of all lien for the price on the part of the vendor, and an ultimate acceptance and receiving of the property by the vendee, so unequivocal that he shall have precluded himself from taking any objection to the quantum or quality of the goods sold." See *Kirby* v. *Johnson*, 22 Mo. 354; *Keiwert* v. *Meyer, post,* p. 587; *Hewes* v. *Jordan*, 39 Md. 472; *Hooker* v. *Knab*, 26 Wis. 511; *Stone* v. *Browning*, 51 N. Y. 211; *Gibbs* v. *Benjamin*, 13 Am. L. Reg. (N. S.) 93 and note ; *Stone* v. *Browning*, 68 N. Y. 598; *Edwards* v. *The Grand Trunk R. W. Co.*, 54 Me. 105; *Johnson* v. *Cuttle*, 105 Mass. 447.

In the case at bar, the contract was void by the statute of frauds. There was no acceptance of the goods by the purchaser.

The judgment is reversed, with costs, and the cause remanded for a new trial.