## DAILY v. THE STATE OF INDIANA, EX REL. BIGLER, AUDITOR OF STATE.

[No. 21,377. Filed February 3, 1909.]

1. PLEADING.—Complaint.—Sufficiency.—Initial Attack on Appeal.— A complaint may be attacked for the first time on appeal, and if an essential element is wholly omitted therefrom, the complaint will be held insufficient. p. 650.

2. ACTION.—How Commenced.—A civil action is commenced by the filing of a complaint (§317 Burns 1908, §314 R. S. 1881) containing a plain and concise statement of the facts constituting the cause of action (§343 Burns 1908, cl. 2, §338 R. S. 1881). p. 651.

3. PLEADING.—Complaint.—Conclusions.—A complaint must state facts and not conclusions or legal propositions. p. 651.

Daily *v.* State, ex rel.—171 Ind. 646.

4. PLEADING. — *Complaint.* — *Unlawful Fees.* — *State Auditor.*— A complaint alleging that defendant ex-Auditor of State "is indebted to the State of Indiana in the sum of $30,000, for insurance taxes received by him, wrongfully retained, and not paid to the Treasurer of State for the State of Indiana * * *. as specifically shown by bill of particulars filed herewith, made a part hereof, and marked exhibit A," such bill being attached thereto, and that a demand had been made therefor, fails to state a cause of action, there being no showing that the defendant received the money officially, that the money was due to the State, or that it was received for the State. p. 651.

5. SAME.—*Complaint.*—*Money "Wrongfully Retained."*—An allegation that the defendant ex-Auditor of State is indebted to the State for money "wrongfully retained," is a mere conclusion. p. 651.

6. SAME.—*Complaint.*—*Bill of Particulars.*—*Recitals.*—The introductory statement: "Taxes collected from insurance companies by A. C. Daily, Auditor of State," in a bill of particulars made part of a complaint, does not show that said money was collected. p. 652.

7. TAXATION.—*Insurance.*—*Duties of Auditor of State.*—*Judicial Notice.*—The courts take judicial notice that the Auditor of State has no legal right, officially or individually, to collect undefaulted insurance taxes due to the State, such not being a statutory duty. p. 652.

8. NOTICE.—*Official Duty of Auditor of State.*—All persons are conclusively presumed to take notice of the official duties of the Auditor of State. p. 652.

9. TAXATION.— *Insurance Fees.*— *To Whom Payable.*— Insurance taxes are payable only to the Treasurer of State (§10216 Burns 1908, Acts 1891, pp. 199, 222, §67). p. 652.

10. SAME.—*Insurance Fees.*—*Collection of, by Auditor of State.*—*Ratification.*—Insurance fees collected by the Auditor of State do not become the property of the State without a ratification of such collection by the State. p. 653.

From Boone Circuit Court; *Samuel R. Artman,* Judge.

Action by the State of Indiana, on the relation of Warren Bigler, as Auditor of State of the State of Indiana, against Americus C. Daily. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court (see 42 Ind. App. 690) under §1399 Burns 1908, Acts 1901, p. 565, §15. *Reversed.*

*Terhune & Adney* and *Miller, Shirley & Miller,* for appellant.

*Charles W. Miller,* Attorney-General, *Henry M. Dowling* and *William C. Geake,* for the appellee.

HADLEY, J.—Appellant was Auditor of State for two consecutive terms, from January, 1895, to January, 1899. On March 6, 1906, seven years after appellant's retirement, the relator, who was then Auditor of State, rendered to him an account, showing an alleged indebtedness from him to the State in the sum of $26,035.51, and demanded payment. Payment was refused, and this action was commenced March 29, 1906.

The complaint, in substance, is as follows: That the relator is the Auditor of State of the State of Indiana, and that heretofore, to wit, at the general election in the State of Indiana, held on November 6; 1894, the defendant, Americus C. Daily, was duly elected as Auditor of State of the State of Indiana, and thereafter, to wit, on January 24, 1895, he duly qualified as such, and took possession of said office as Auditor of State, and entered upon the official duties pertaining thereto; that thereafter, to wit, at the general election in the State of Indiana, held on November 3, 1896, said defendant was again duly elected as Auditor of State of the State of Indiana, and thereafter, to wit, on January 25, 1897, he qualified as such under his said second election, took possession of said office of Auditor of State, and entered upon the performance of the official duties pertaining thereto; that his second term as Auditor of State of the State of Indiana expired on January 25, 1899, and upon that day said defendant ceased to be Auditor of State of the State of Indiana, and his successor took possession of said office and entered upon the performance of the official duties pertaining thereto. The relator further says that the defendant, Americus C. Daily, is indebted to the State of Indiana in the sum of $30,000, for insurance taxes received

by him, wrongfully retained, and not paid to the treasurer of State for the State of Indiana; for interest on same at the rate of six per cent from the date when due to the State of Indiana, as required by law; for interest on deferred and delayed payments in making reports and payments to the Treasurer of State, as required by law, at six per cent from the date when due and payable to the Treasurer of State for the State of Indiana; together with ten per cent penalty on all of said amounts wrongfully retained, held and unpaid—all as specifically shown by bill of particulars filed herewith, made a part hereof, and marked exhibit A. The relator further says that on March 16, 1906, he rendered an "Account Stated" to the defendant, showing the amount due to the State of Indiana from said defendant on March 1, 1906, and demanded immediate payment thereof; that said defendant has wholly failed to comply with such demand; that a copy of said "account stated" and of said "demand" are filed herewith, made a part hereof and marked exhibit B; that said sum, as shown by this bill of particulars, is due and remains wholly unpaid. Wherefore the relator demands judgment against said defendant for the sum of $30,000, and for all other proper relief.

The bill of particulars, filed as exhibit A, is headed as follows: "Taxes collected from insurance companies by A. C. Daily, Auditor of State, from," etc. The summary as shown by exhibit B is as follows:

To insurance taxes received and wrongfully retained as commission, as shown by your report to the Treasurer of State for six months ending June 30, 1895 .......................... $1,089 55

To interest on said amount from July 1, 1895, to March 1, 1906, at six per cent.............. 697 37

To insurance taxes received and wrongfully retained as commission, as shown by your report

| | | |
|---|---:|---:|
| to the Treasurer of State for six months ending December 31, 1895 | 5,419 | 59 |
| To interest on said amount from January 6, 1896, to March 1, 1906, at six per cent | 3,301 | 41 |
| To insurance taxes received and wrongfully retained as commission, as shown by your report to the Treasurer of State for six months ending June 30, 1896 | 7,002 | 43 |
| To interest on said amount from July 6, 1896, to March 1, 1906, at six per cent | 4,056 | 55 |
| To interest on deferred payments less interest on advance payments in making partial settlements with the Treasurer of State at six per cent | 2,101 | 84 |
| Total insurance taxes retained as commission, interest on same, and on deferred payments, less interest on advance payments | 23,668 | 74 |
| To ten per cent penalty on the total amount heretofore stated, as provided by §7638 Burns 1901, §5615 R. S. 1881 | 2,366 | 77 |
| Total due the State of Indiana, March 1, 1906 | $26,035 | 51 |

The complaint is attacked here, for the first time, for a failure to state facts sufficient to constitute a cause of action. The defendant below has the statutory right 1. (§348 Burns 1908, §343 R. S. 1881) to question the legal sufficiency of the complaint after judgment and appeal to this court, and if the complaint is found to be wholly wanting in some fact essential to a good cause of action, on any admissible theory, or if there be found present some averment that absolutely destroys the plaintiff's right of recovery, the judgment will go down for want of support. *City of South Bend* v. *Turner* (1901), 156 Ind. 418, 54 L. R. A. 396, 83 Am. St. 200; *Taylor* v. *Johnson* (1888), 113

Ind. 164, 167; *Smith* v. *Smith* (1886), 106 Ind. 43; *Goodwine* v. *Cadwallader* (1902), 158 Ind. 202.

Under our system of legal procedure, a civil action can only be commenced by filing in the clerk's office a complaint (§317 Burns 1908, §314 R. S. 1881) containing a statement of facts constituting the cause of action, in plain and concise language (§343 Burns 1908, cl. 2, §338 R. S. 1881).

Such a complaint must state facts, and not conclusions or legal propositions. *Coburn* v. *New Tel. Co.* (1901), 156 Ind. 90, 52 L. R. A. 671; *McElwaine-Richards Co.* v. *Wall* (1902), 159 Ind. 557; *Davis* v. *Clements* (1897), 148 Ind. 605, 62 Am. St. 539; *Palmer* v. *Logansport, etc., Gravel Road Co.* (1886), 108 Ind. 137-142.

Except as to matter relating to the official character of the relator and appellant, and interest and penalty, the sum total of the complaint is in these words: "And the relator further says that the defendant, Americus C. Daily, is indebted to the State of Indiana in the sum of $30,000, for insurance taxes received by him, wrongfully retained, and not paid into the treasury of the State." It is not alleged whether the act complained of was an official act, or the act of a private person; whether the money was received as Auditor of State, or as an individual. It is doubtful if this uncertainty would be sufficient to condemn the complaint when first questioned in this court, but a more serious question is suggested by the fact that a specific declaration of the receiving character of the defendant would not strengthen the complaint. It is not averred that the moneys received were taxes due to the State, or taxes that belonged to the State, or that they were received by the defendant, for the State, or that the defendant was under any promise or duty to pay them over to the State. The words "wrongfully retained" add nothing. They state a mere conclusion. As this court said of kindred words in *Palmer* v. *Logansport, etc., Gravel*

*Road Co., supra:* "This, it will be observed, is not the statement of any fact, but is merely the pleader's conclusion from facts which are not stated and not apparent."

The introductory words to exhibit A, made a part of the complaint, recite, but do not allege, that the moneys were "collected" by appellant as Auditor of State. But this is not sufficient. We are required to take judicial notice that the Auditor of State, as such, has no legal authority to collect current, undefaulted, insurance taxes, on behalf of the State, neither in his official capacity, nor as an individual. He is a constitutional officer, and may perform only such duties as are enjoined upon him by law. Const., Art. 6, §1.

As we said in *Sherrick* v. *State* (1906), 167 Ind. 345: "The legislature must prescribe all the duties the Auditor of State will be permitted to exercise." His duties and powers, except such only as are necessarily implied to enable him to render obedience to some express command of the General Assembly, are expressed, defined and given publicity by and through the public laws of the State. All are required to take notice of the length and breadth of the auditor's authority. "Every one having dealings with them [public officers] is charged with the legal limitations of their agency." Tiedeman, Commercial Paper, §136.

The auditor is the accounting officer of the State (§9218 Burns 1908, §5611 R. S. 1881), and, like a private person, has no right to receive or collect moneys, except fees for official services, for and on behalf of the State, without special authority conferred directly or indirectly by some agency duly empowered thereunto by the lawmaking body. *Hord* v. *State* (1907), 167 Ind. 622.

Section 10216 Burns 1908, Acts 1891, pp. 199, 222, §67, provides very clearly how, to whom, when and where foreign insurance taxes shall be paid. It is provided that all such insurance companies shall, in July and

January, of each year, report to the Auditor of State the gross amounts of all premiums received in the State, and shall pay into the treasury of the State the sum of $3 on every $100 of such receipts, less losses actually paid within the State.

The manner of paying money into the treasury of the State is plainly pointed out in §9247 Burns 1908, §5637 R. S. 1881. By this section every person (foreign insurance companies as well as others) making payment into the treasury of the State shall furnish to the Auditor of State a description of the liability on account of which payment is to be made, and report all premiums received, and the Auditor of State shall certify to the Treasurer of State the amount to be paid, and shall make his draft in favor of the treasurer upon the person making the payment, which certificate and draft shall then be presented by such person to the treasurer, who shall receive such money, preserve such certificate and draft, and shall give a receipt for the amount paid, specifying the account to which it is paid, and the treasurer is expressly prohibited from receiving any money into the state treasury, or on account of any fund thereof, except it be paid upon a draft, as herein provided. The statutes are plain and specific. Courts and individuals must take notice that paying into the treasury of the State is not accomplished by paying to the Auditor of State.

We have seen that the money alleged to have been collected as insurance taxes could not have reached the hands of the appellant, as Auditor of State, or as an individual, according to law. Hence, it did not reach his possession with the authority of the State; and if he did not collect it or receive it with the authority of the State it did not become in his hands the property of the State, without some act amounting to an acceptance or ratification by the State. Sherrick v. State, supra. Such receipt and collection being foreign to the auditor's official duties, and contrary to the statutes, in the total absence from the com-

plaint of any averment showing acceptance or ratification, or some act of the State authorizing the collection, we cannot, even at this stage of the case, presume that the State has a legal right to the money sued for. Without such right, the State has no cause of action. *Lilly* v. *City of Indianapolis* (1898), 149 Ind. 648, 660.

Judgment reversed.