## KAVANAUGH V. ENGLAND.

[No. 29,016. Filed February 17, 1953. Rehearing denied March 31, 1953.]

*Michael B. Reddington,* of Indianapolis and *Tolen & Tolen,* of Shelbyville, for appellants.

*George R. Jeffrey* and *George B. Jeffrey,* both of Indianapolis and *Ralph Adams* and *Perry W. Cross,* both of Shelbyville, for appellee.

GILKISON, J.—Appellee brought this action by a complaint in two paragraphs. The judgment appealed from is on the second paragraph only. The substance of this paragraph is as follows:

That plaintiff and defendant entered into a contract on May 16, 1944, in which plaintiff agreed to manage and operate defendant's bowling alley located in Marion, Indiana. Defendant agreed to pay plaintiff for his services in so doing, a sum of money equal to one-half of the net profits realized in said business and the sale of merchandise in connection therewith, and gave plaintiff an option to purchase a one-half interest therein at any time within a year thereafter, for a sum of money equal to one-half of what defendant paid therefor—which was $20,000. That about February 15, 1945, plaintiff exercised his option and notified defendant of his election to purchase a one-half interest in the property and asked defendant to sell the same to him, which defendant refused to do. That on March

14, 1945 defendant sold said bowling alley, property and equipment to another for $29,000, to plaintiff's damage in the sum of $4,500, for which he demanded judgment.

Defendant's general demurrer to this paragraph of complaint with proper memorandum was overruled. This ruling, among others, is assigned as error.

Paragraph five of defendant's answer pleads the statute of frauds, §33-105 and §33-101. Since it presents the same question as the demurrer, we shall discuss the matter on the demurrer alone.

The contract sued upon is oral. By his demurrer appellant questions whether or not the action is barred by the statute of Frauds and Perjuries, Clause Fourth, §33-101 and §33-105 Burns' 1949 Replacement. So far as applicable to this case, Clause Fourth, §33-101 Burns' 1949 Replacement is as follows:

> "No action shall be brought upon any contract for the sale of lands, unless the promise, contract or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, excepting however, leases not exceeding the term of three years."

The demurrer, of course, applied only to the second paragraph of complaint. We have carefully examined this paragraph and find nothing therein concerning the sale of any real estate or of any interest in real estate lease or otherwise. Clause Fourth of §33-101 could not affect this paragraph so far as it is assailed by the demurrer.

§33-105 Burns' 1949 Replacement, subsection (1) provides:

> "A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars ($500) or upwards shall not be enforceable

by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

Subsections (2) and (3) of this section are not applicable to the complaint before us.

Since no real estate is mentioned in the complaint as being within the option agreement averred, it must be presumed that "the bowling alley and all personal property and equipment used in connection therewith," as averred and described in the complaint, is personal property. The complaint alleges "that the defendant paid twenty thousand dollars ($20,000) for the bowling alleys and the property and equipment used in connection therewith, and that a one-half interest thereof, which it is alleged defendant gave the plaintiff an option to purchase, is the sum of ten thousand dollars ($10,000). It thus appears from the averments of the complaint, that the plaintiff-appellee bases his action upon a verbal option contract to buy ten thousand dollars worth of personal property from the defendant-appellant, and his verbal acceptance thereof.

The term "goods" as used in this statute, §33-105 Burns' 1949 Replacement, is generally understood to mean personal estate as distinguished from realty, and to embrace every specie of property which is not real estate or freehold. *Saint Joseph Hydraulic Company* v. *Wilson et al.* (1893), 133 Ind. 465, 471, 33 N. E. 113, 115, and cases cited; 38 C. J. S. *Goods, As Personalty,* p. 940; Black's Law Dictionary (3rd Ed.) p. 851.

When an action is brought on a contract, if it is in writing a copy of it must be filed with the complaint.

If it is not alleged to be in writing and no copy is filed with the complaint the presumption arises that the contract declared on is not in writing, and if the contract is such as is required by the statute of frauds to be in writing, the objection may be taken by demurrer. *Harper and Another* v. *Miller and Others* (1866), 27 Ind. 277, 281; *King* v. *The Enterprise Insurance Co.* (1873), 45 Ind. 43, 53; *Krutz* v. *Stewart* (1876), 54 Ind. 178, 180; *Goodrich, Administrator* v. *Johnson, by her next Friends* (1879), 66 Ind. 258, 261; *Dickson et al.* v. *Lambert et al.* (1885), 98 Ind. 487, 491. See also, *Roder* v. *Niles* (1916), 61 Ind. App. 4, 8. 111 N. E. 340; *Moore* v. *Ohl* (1917), 65 Ind. App. 691, 695, 116 N. E. 9.

The option contract which is the basis of the action is wholly oral. By its terms appellant agreed to sell appellee a one-half interest and ownership in certain personal property consisting of bowling alleys and all personal property and equipment in connection therewith for $10,000, at appellee's option, within one year from May 16, 1944. It is alleged that plaintiff, appellee orally accepted this option contract on February 15, 1945 at which time he offered to buy a one-half interest in the property. There is nothing in the oral contract pleaded indicating what was to be done with the property and business if and after the one-half interest should be sold to appellee.

Since a contract expressed or implied is essential to the formation of a partnership, 40 Am. Jur., *Partnership*, §17, p. 136, 68 C. J. S., *Partnership*, §3, p. 406, and no such contract is pleaded, no question of partnership is presented by the complaint. However, the rule seems to be that if the contract is one to sell goods, the fact that it also requires the parties to do something else does not take it out of the statute

of frauds. *Irvine* v. *Stone & Another* (1850), 6 Cush., 60 Mass. 508; 27 C. J. *Frauds, Statute of*, §240, pp. 232, 233; 37 C. J. S., *Frauds, Statute of*, §141.

We have in this case an oral option contract to purchase $10,000 worth of personal property, which contract has been accepted by the optionee—appellee. This acceptance removes the element of option from it and makes it an oral contract for the purchase of the personal property mentioned. If this contract is enforceable appellee may recover damages in this action for its breach. If it is not enforceable he cannot recover for its breach.

We find nothing contained in the complaint sufficient to take the contract sued upon out of the statute of frauds agreeable with §33-105 Burns' 1949 Replacement. *Goodwine* v. *Cadwallader* (1902), 158 Ind. 202, 61 N. E. 939, and cases there cited; *Hudnut* v. *Weir* (1884), 100 Ind. 501, 502; *Krohn* v. *Bantz* (1879), 68 Ind. 277, 287; *Hausman* v. *Nye et al.* (1878), 62 Ind. 485, 487; *Daily* v. *State, ex rel.* (1909), 171 Ind. 646, 650, 87 N. E. 4. In other jurisdictions it frequently has been held that a mere breach or violation by one of the parties of an oral agreement which is within the statute of frauds, or his denial of the agreement or refusal to perform it, is not of itself a fraud, either in equity or at law from which the courts will give relief or which will enable the other party to assert either rights or defenses based on the contract. There is no fraud in such a refusal. The party so refusing stands upon the law and has a right to refuse to be bound by such a contract. *Dunphy* v. *Ryan* (1886), 116 U. S. 491, 497, 6 S. Ct. 486, 29 L. Ed. 703, 705; 49 Am. Jur., *Statute of Frauds*, §580, pp. 886, 887; *Goodrich, Administrator* v. *Johnson, by her next Friends* (1879), 66 Ind. 258, 261, *supra*. See, also, *Betsner* v. *Betsner*

(1926), 84 Ind. App. 319, 151 N. E. 343. The demurrer to the second paragraph of complaint should have been sustained.

We do not think it necessary to determine other alleged errors presented by the record.

The judgment of the trial court is reversed with instruction to sustain the demurrer to the second paragraph of the complaint.

NOTE.—Reported in 110 N. E. 2d 329.