JACK E. WIDGER, Appellant, *v.* CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNS OF ELLICOTTVILLE, GREAT VALLEY, EAST OTTO, FRANKLINVILLE, HUMPHREY AND MANSFIELD et al., Respondents.

Fourth Department, February 27, 1964.

*Musacchio & Pyle* (*Roger E. Pyle* of counsel), for appellant.

*Jeremiah J. Moriarty* for respondents.

NOONAN, J. The plaintiff's amended complaint setting forth four alleged causes of action has been dismissed upon the merits with prejudice. From this determination the plaintiff appeals.

The defendants moved to dismiss each of the causes of action on the ground that each failed to state a cause of action (CPLR 3211, subd. [a], par. 7). Pursuant to subdivision (c) of that rule the attorney for defendants submitted his affidavit in support of the motion and the attorney for the plaintiff filed his reply affidavit in opposition. Special Term under this subdivision then treated the motion as one for summary judgment. This is permitted by this rule but when it is undertaken the provisions of subdivision (b) of rule 3212 of the Civil Practice Law and Rules must obviously be complied with. Here Special Term based only on the affidavits of the attorneys without any other supporting proof in a memorandum decision found certain facts either not in dispute or incontrovertible. This was an apparent attempt to invoke the provisions of subdivision (g) of rule 3212 of the Civil Practice Law and Rules. This subdivision is available only when summary judgment is denied or is *granted in part*. Summary judgment *in toto* was granted in favor of the defendants in this case. In addition, when the use of this rule is proper the facts found must be included in an order and are thereafter deemed established for all purposes in the action. The facts not in dispute were not included in the Special Term order in this case. Thus it was error to apply this section even if the facts found were included in the order since it has no application when summary judgment is fully granted to either party.

In any event summary judgment was improper in this case. There exist questions of fact which require a trial if the causes of action set forth in the plaintiff's complaint or any one of them states facts sufficient to constitute a cause. The most obvious question of fact is whether the defendants conspired to or intended to injure the plaintiff maliciously or otherwise. Special Term again in its memorandum found they did not. It was error to so find on the papers before the court. Therefore that portion of the order appealed from which dismissed the amended complaint on the merits with prejudice and granted summary judgment in favor of the defendants must be reversed.

Even though the Special Term order also provides that the amended complaint is dismissed on the ground that it fails to set forth causes of action we deem it our responsibility to exam-

ine each of the four alleged causes in the complaint because as set forth in the memorandum of Special Term each was found insufficient only when considered with the facts found, some of which findings were not supported by proper or adequate proof.

The first cause is one against all the defendants, i.e., the school district and the individual defendants. The plaintiff styles this an action for prima facie tort. As to the school district it must be dismissed. Subdivision 2 of section 3813 of the Education Law requires that in all tort actions against the district a notice of claim must be filed in accordance with section 50-e of the General Municipal Law. That section mandates that the action conform to the requirements of section 50-i of the General Municipal Law which requires the complaint to contain an allegation that 30 days have elapsed since the filing of the notice of claim. There is no such allegation in the cause or indeed in the complaint. The plaintiff should, however, be given permission to replead against the district within 20 days, if so advised.

A cause of action in prima facie tort against the individual defendants is sufficiently stated. These defendants are not entitled to be indemnified by the district in this type of action under the provisions of section 3023 of the Education Law and thus no notice of claim is required as to them personally. (*Sandak* v. *Tuxedo Union School Dist. No. 3,* 308 N. Y. 226, 231; *O'Hara* v. *Sears Roebuck & Co.,* 286 App. Div. 104.) In reaching this conclusion we do not reach or pass upon the theory of damages alleged by the plaintiff. Suffice it to say that in this cause there are allegations which set forth the intentional infliction of temporal or specific damage on the plaintiff by the individual defendants. These are sufficient for a cause in prima facie tort (*Advance Music Corp.* v. *American Tobacco Co.,* 296 N. Y. 79).

The second cause is against the school district only and the plaintiff denominates it as one for breach of contract. Subdivision 1 of section 3813 of the Education Law requires that in all actions against a school district not sounding in tort the complaint must allege that a verified claim was filed within three months after the cause accrued. There is no such allegation here. This cause should therefore be dismissed with permission to the plaintiff to replead, if so advised.

The third cause is against the district and the individual defendants. The plaintiff urges it is one for abuse of process. To establish this tort, the process of law must be used improperly and this means something more than proper use from a bad motive. If the process is used for the purpose for which it is intended, one is not liable even though he has a vicious or vin-

dictive motive (1 N. Y. Jur., Abuse of Process, § 3, pp. 56–58). The plaintiff concedes there was a right to suspend him. He really complains of the delay in filing charges and making a determination. This does not constitute a use of process outside of the purpose for which it was authorized or intended. Thus facts sufficient to state a cause are not alleged and this cause must be dismissed. Of course as in the first cause there is no allegation as required by section 50-i of the General Municipal Law as to the district which is fatal. As in that cause this does not apply to the individual defendants however.

The plaintiff labels the fourth cause as one for tortious intervention with contract rights. It is only against the individual defendants. Here again no notice of claim is required since no indemnity by the district is mandated. The plaintiff by realleging in this cause paragraph Fifth of the first cause has affirmatively alleged that all the acts of the individual defendants of which he complains were done within the scope of their authority as members of the Board of Education of the district. The general rule is that one acting within the scope of his employment who induces a breach of contract is not liable in damages to the other party to the contract (*Greyhound Corp.* v. *Commercial Cas. Ins. Co.*, 259 App. Div. 317). There are exceptions to this rule however. (See *Buckley* v. *112 Central Park South*, 285 App. Div. 331; *Stell Mfg. Corp.* v. *Century Ind.*, 15 A D 2d 87.) There are facts stated in this cause which if properly pleaded would permit the interpretation that the defendants did some of the acts outside of their duties as members of the Board of Education of the district. Thus this should be dismissed with permission to replead within 20 days if so advised.

As indicated in discussing the first cause, our conclusions with respect to any of the causes of action sustained or where permission to replead is granted do not reach or pass upon the theory of damages alleged by the plaintiff.

We do not pass upon the effect of the third ordering paragraph as the appeal from that paragraph was withdrawn during the argument of the appeal.

The order granting summary judgment to defendants should be reversed, and defendants' motion granted accordingly.

Williams, P. J., Bastow, Henry and Del Vecchio, JJ., concur.

Order granting summary judgment to defendants unanimously reversed, without costs of this appeal to any party, and defendants' motion granted in accordance with the opinion.