ITT CANNON ELECTRIC, INC. *v.* BRADY.

[No. 20, 583. Filed October 13, 1967. No petition for Rehearing Filed.]

*Henry J. Price* and *Barnes, Hickam, Pantzer & Boyd,* of counsel, both of Indianapolis, for appellant.

*Richard P. Watson* and *John C. Carvey* and *Gregg, Fillion, Hughes & Northrup,* of counsel, all of Indianapolis, for appellee.

BIERLY, J.—This action was commenced in the trial court by the appellee filing his complaint, which alleged in part that;

". . . [P]laintiff entered into a certain agreement for employment by which the defendant hired and engaged the plaintiff to work for it as Branch Sales Manager in Indianapolis, Indiana, for a minimum term of eighteen (18)

months from said date for which services defendant therein promised and agreed to pay the plaintiff the sum of $1,020.24 per month payable in bi-monthly payments. Said defendant further agreed that in the event on and after the eighteen (18) month period said Indianapolis office should for any reason be closed, that said plaintiff would be transferred to another area paying him the same salary. Part of this oral agreement is reflected in an inter-office memorandum made a part hereof and filed herewith as exhibit 'A'."

Appellee was living in Chicago, Illinois, at the time of the agreement.

. After approximately one year in Indianapolis, the appellant discharged the appellee, and the latter initiated this action for the remaining alleged wages due for six months and damages.

Appellant filed his answer in accordance with Supreme Court Rule 1-3, and the case was heard by the court, without the intervention of a jury.

The trial court found for the appellee, and entered judgment accordingly in the sum of $7,473.00 which consisted of $6,-120.00 for unpaid wages and $1,353.00 for damages.

Appellant then filed its motion for a new trial, alleging the following:

"1. The decision of the Court is contrary to law.
"2. The decision of the Court is not sustained by sufficient evidence.
"3. There is error in the assessment of the amount of recovery, it being too large.
"4. The decision of the Court on plaintiff's complaint is contrary to law.
"5. The decision of the Court on plaintiff's complaint is not sustained by the evidence.
"6. There is error in the assessment of the amount of recovery on the complaint, it being too large.
"7. An error of law occurred at the trial when counsel for plaintiff asked plaintiff, George Brady, on direct examination, whether he suffered any damage to his business reputation as a result of the alleged breach of contract by defendant and the Court permitted plaintiff to

answer this question over the objection of the defendant. Plaintiff answered that he had suffered such damage in the amount of $10,000.00. Defendant's objection that the question called for irrelevent evidence in that such facts did not constitute a recoverable element of damages under Indiana law was improprly overruled."

The above motion was overruled and then appellant filed its motion in arrest of judgment, the basis of which alleged that the contract, sought to be enforced, was in violation of the Statute of Frauds, (Burns' Anno. Stat. § 33-101, 1949 Replacement) in that it was an oral agreement which is not to be performed within one year of the making.

The appellee filed a motion to deny appellant's motion in arrest of judgment for the reason that the latter was not timely filed.

Thereafter, the court overruled appellant's motion and granted appellee's motion.

Hence, this appeal followed, with the following assignment of errors, to-wit:

"1. The Court errored (sic) in overruling appellant's motion for a new trial.
"2. The Court errored (sic) in overruling appellant's motion in arrest of judgment.
"3. The Court errored (sic) in sustaining appellee's motion to deny appellant's motion in arrest of judgment."

Appellant begins its argument with the proposition that recovery by the appellee is precluded by the Statute of Frauds, (Burns' Ind. Stat. Anno. § 33-101, 1949 Replacement).

The pertinent parts of said Statute are as follows:

"No action shall be brought in any of the following cases:
. . .
"Fifth. Upon any agreement that is not to be performed within one [1] year from the making thereof.

"Unless the promise, contract or agreement upon which such action shall be brought, or some memorandum or note

thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, excepting however, leases not exceeding the term of three [3] years."

It is to be noted that plaintiff's complaint alleged that ". . . defendant hired . . . plaintiff to work . . . for a *minimum term of eighteen (18) months. . . .*" Said defendant further agreed, "that in the event *on and after* the eighteen (18) month period said . . . office should . . . be closed, . . . plaintiff would be transferred to another area. . . ." (Emphasis Supplied)

It is obvious that the contract falls within the application of the Statute.

The appellee, in his brief, commences his argument by attempting to raise a conflict of laws problem.

The Illinois Statute of Frauds is found at Ill. Rev. Stat. 1959, Ch. 59 § 1, and includes the same applicable provision as does our own Statute, namely:

"That no action shall be brought . . . upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized."

Thus, since the provisions are the same, it would be useless to go into a detailed discussion of this area of the law, for, whatever conclusion we would reach would have the same result.

Appellee cites only two Illinois cases on the subject of Statute of Frauds, the first of which only an abstract was published. See: *Thermal-Tite Insulation Co.* v. *American Insulation Corp.* (1945), 326 Ill. App. 252, 61 N. E. 2d 304.

The second case cited is *Hall* v. *Gruesen* (1959), 22 Ill.

App. 2d 465, 161 N. E. 2d 345. In that case, the court was considering an oral purchase of goods covering the "1956-1957 garden season." The Illinois Court held that the period of gardening from the winter of 1956 to the fall of 1957, was not a fixed period of time in excess of one year. There is quite a difference between the ambiguous term in the *Hall* case, *supra,* and the eighteen (18) month period in the case at bar.

Appellee continues his argument in the alternative under Indiana law. He states three propositions of law in this regard.

First, he states that the courts of this state "follow the doctrine that when no express time is selected for performance, and the contract is fully capable of being performed within a one-year period, it will be held to be outside the Indiana Statute of Frauds."

We fail to see how this statement could possibly help his cause, for it is obvious that his complaint is based upon the eighteen (18) month period of time for performance.

Next, he argues that the Indiana Courts have gone "one step further and held that even though a contract is to be performed by a certain day, but earlier performance is not precluded, that Indiana will not hold such a contract within the Statute of Frauds." How can a contract for employment for a minimum term of eighteen (18) months be completed earlier? We are of the opinion that it cannot, thus since it cannot be performed within one year, it falls within the Statute. See *Meyer* v. *E. G. Spink Co.* (1921) 76 Ind. App. 318, 124 N. E. 757, Reh. Denied, 127 N. E. 455.

The question thus becomes, does the memorandum in the case at bar, satisfy the provision in the Statute of Frauds which would take this case outside of its application?

The rule in this regard is stated concisely in the case of *Block* v. *Sherman* (1941), 109 Ind. App. 330, 339, 34 N. E. 2d 951, wherein the court said:

"The written contract presupposes a prior verbal agreement which it embodies. The writing is the evidence of the

agreement, and not the essence of it. The memorandum, in order to satisfy the Statute of Frauds, must contain all the essential stipulations and undertakings of the verbal bargain. If any of these stipulations are omitted, then the memorandum—although the parts which it does contain might, by themselves, make a complete contract—is not a note or memorandum of the agreement as required by the statute, and cannot be enforced at law or in equity. See Pomeroy on Specific Performance (1926), § 91, p. 225; *Butler University* v. *Weaver* (1932), 97 Ind. App. 151, and numerous cases cited on p. 155."

It becomes readily apparent that the memorandum in the case at bar is deficient in that it does not contain the important eighteen (18) month clause. The only mention made of any eighteen (18) month period is found in paragraph six (6) of the memorandum which is as follows:

"6. I am sure you realize that we are expending a considerable amount of money in effecting your move to Indianapolis. This expenditure reflects ITT Cannon's confidence in you personally and in your ability. However, in order to protect this financial investment, it must be agreed that if you voluntarily terminate your association with the Company within a period of 18 months, you will reimburse the Company for the full amount of Item 5, Sections *a, b,* and *c.*"

Finally, appellee contends that even if the contract is unenforceable as being within the application of the Statute of Frauds, the appellant cannot use the Statute as a defense by reason of the doctrine of equitable estoppel. Appellee cites several cases from both Illinois and Indiana to sustain his proposition.

However, as we stated in *Lowenberg* v. *Booth* (1928), 330 Ill. 548, 162 N. E. 191:

"In order to invoke the principle of equitable estoppel six elements must appear: (1) Words or conduct by the party against whom the estoppel is alleged, amounting to a misrepresentation or concealment of material facts (2) the party against whom the estoppel is alleged must have knowledge, either actual or implied,

at the time the representations were made, that they were untrue; (3) the truth respecting the representations so made must be unknown to the party claiming the benefit of the estoppel at the time they were made, and at the time they were acted on by him; (4) the party estopped must intend or expect that his conduct or representations will be acted on by the party asserting the estoppel, or by the public generally; (5) the representations or conduct must have been relied and acted on by the party claiming the benefit of the estoppel; and (6) the party claiming the benefit of the estoppel must have so acted, because of such representations or conduct, that he would be prejudiced if the first party is permitted to deny the truth thereof. Eaton on Equity (2d Ed.) p. 150."

It appears that in the case at bar there is a total lack of the elements of misrepresentation of a material fact as there was none pleaded or proved.

Appellee goes on to cite three Indiana cases to support his contention. One of these cases, namely, *Starkey* v. *Galloway* (1949), 119 Ind. App. 287, 84 N. E. 2d 731, contained the following language which is appropriate to the case at bar:

"We need not examine this contention further than to say that one who seeks to assert an equitable estoppel must affirmatively show that he has relied upon the conduct of the other party and has acted upon it in such a manner as to change his position for the worse; that the other party's refusal to carry out the terms of the agreement has resulted not merely in a denial of the rights which the agreement was intended to confer, but the infliction of an unjust and unconscionable injury and loss."

In a more recent case, *Kavanaugh* v. *England* (1953), 232 Ind. 54, 59, 110 N. E. 2d 329, our Supreme Court stated,

"We find nothing contained in the complaint sufficient to take the contract sued upon out of the statute of frauds agreeable with § 33-105 Burns' 1949 Replacement. *Goodwine* v. *Cadwallader* (1902), 158 Ind. 202, 61 N. E. 939, and cases there cited; *Hudnut* v. *Weir* (1884), 100 Ind. 501, 502; *Krohn* v. *Bantz* (1879), 68 Ind. 277, 287; *Hausman* v. *Nye, et al.* (1878), 62 Ind. 485, 487; *Daily* v. *State, ex rel.* (1909), 171 Ind. 646, 650, 87 N. E. 4. In other juris-

dictions it frequently has been held that a mere breach or violation by one of the parties of an oral agreement which is within statute of frauds, or his denial of the agreement or refusal to perform it, is not of itself a fraud, either in equity or at law from which the courts will give relief or which will enable the other party to assert either rights or defenses based on the contract. There is no fraud in such a refusal. The party so refusing stands upon the law and has a right to refuse to be bound by such a contract." (Citation omitted).

It is clear that in the case at bar, facts were not alleged in the complaint which would have taken the case outside of the Statute of Frauds. Nor was there evidence which went to prove same.

There was evidence showing that appellant, did in fact, invest a substantial sum in placing appellee in Indianapolis. Appellant paid the shipping cost on appellee's personal property up to 8,000 pounds. This covered packing, moving, unpacking and insurance. The following was also paid by appellant: airline transportation for appellee and family to Indianapolis; over $2,000.00 in the form of a bonus; additional living expenses for thirty days while appellee was in Indianapolis, including room, meals, transportation, and two weekend trips to Chicago; expenses and transportation for three days for appellee's wife to travel from Chicago to Indianapolis to complete selection of their new housing arrangements.

This hardly seems to be an "infliction of an unjust and unconscionable injury and loss."

For the above reasons which we have set out, we are of the opinion that the judgment of the trial court should be reversed, and a new trial ordered.

Judgment reversed and a new trial ordered.

Pfaff, C. J., Cook and Smith, JJ., concur.

NOTE.—Reported in 230 N. E. 2d 114.