333 N.E.2d 886 (1975)
Gisaburo KIYOSE, Appellant (Plaintiff below),
v.
The TRUSTEES OF INDIANA UNIVERSITY et al., Appellees (Defendants below).
No. 1-1074A152.
Court of Appeals of Indiana, First District.
September 18, 1975.
*887 Brent A. Barnhart, Bloomington, for appellant.
Cliff K. Travis, Alvin R. York, Bloomington, for appellees.
LYBROOK, Judge.
Plaintiff-appellant Gisaburo Kiyose initiated this action against defendants-appellees The Trustees of Indiana University, et al. seeking recovery for damages allegedly resulting from the termination of his employment with Indiana University. Plaintiff's original complaint alleged the existence and breach by defendants of an oral contract of lifetime employment. Plaintiff's amended complaint restated the allegations of the original complaint and added thereto a second count seeking recovery on a theory of interference with prospective advantage. This appeal stems from the ruling of the trial court sustaining defendants' motion to dismiss plaintiff's amended complaint for failure to state a claim upon which relief could be granted. Ind. Rules of Procedure, Trial Rule 12(B)(6).
The following issues are presented for review:
(1) Whether plaintiff's action on the alleged oral contract of employment is barred by paragraph Fifth of IC 1971, 32-2-1-1 (Burns Code Ed.), more commonly *888 known as the one year clause of the Statute of Frauds.
(2) Whether plaintiff's second count of complaint states a claim upon which recovery may be had in tort.
The following statement of facts is drawn from the allegations of plaintiff's amended complaint: When this action was filed, plaintiff was a member of the teaching faculty at the Bloomington campus of Indiana University, holding the rank of Assistant Professor. He had been appointed to this rank in May, 1973, after earning the degree of Doctor of Philosophy in East Asian Languages. Prior to such appointment, plaintiff had served as a Lecturer in the Department of East Asian Languages, the period of such service being from September, 1966, to April, 1973. Prior thereto, he had served for two years as a Teaching Associate in the same department.
Plaintiff alleged that throughout the period during which he served as a Lecturer, defendants and their agents assured him that upon obtaining the degree of Doctor of Philosophy he would be appointed to the rank of Assistant Professor, an appointment which according to practice, custom and usage at the University was for a term of three years. Plaintiff further alleged that during the years 1965 through 1971, he was offered five different positions with other institutions of higher learning but rejected each in reliance upon representations by defendants and their agents that he could expect a permanent position with Indiana University upon obtaining the degree of Doctor of Philosophy. Plaintiff therefore alleged the existence of a contract between himself and Indiana University "that upon obtaining a Ph.D., plaintiff Kiyose would receive perpetual life-time appointments at Indiana University, commencing with a three (3) year appointment as Assistant Professor.
After obtaining the degree of Doctor of Philosophy in April, 1973, and being appointed to the rank of Assistant Professor, plaintiff was notified that he would not be reappointed for the academic year 1974-1975. Thereupon, plaintiff initiated this action. Damages were alleged to have resulted from the shrinkage of the academic job market from the period during which plaintiff was offered positions from other institutions.
For purposes of this appeal, the factual allegations of plaintiff's amended complaint must be accepted as true. Millen v. Dorrah (1974), Ind. App., 316 N.E.2d 403; Sanders v. Stewart (1973), Ind. App., 298 N.E.2d 509. We must therefore assume the existence of the alleged oral agreement between plaintiff and defendants. Our task is to determine whether plaintiff's allegations were sufficient to avoid dismissal pursuant to defendants' TR. 12(B)(6) motion.
The basic standards to be employed in testing a complaint against a motion to dismiss for failure to state a claim upon which relief can be granted were summarized by our Supreme Court in State v. Rankin (1973), Ind., 294 N.E.2d 604. Therein, it was written:
"This Court has noted that in a typical 12(B)(6) situation, a complaint is not subject to dismissal unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts. Sacks v. American Fletcher National Bank and Trust Co. (1972), 258 Ind. 189, 279 N.E.2d 807. See also Gladis v. Melloh (1971), 149 Ind. App. 466, 273 N.E.2d 767; Wyant v. Lobdell (1972), 150 Ind. App. 675, 277 N.E.2d 595. The rules do not require that the complaint state all the elements of a cause of action. It must be remembered that our new rules are based on so-called notice pleadings in which a plaintiff essentially need only plead the operative facts involved in the litigation.... Although a statement of the theory may be highly desirable, it is not required. When no evidence has been *889 heard or no affidavits have been submitted, a 12(B)(6) motion should be granted only where it is clear from the face of the complaint that under no circumstances could relief be granted."

I.
The first count of plaintiff's amended complaint was dismissed on the ground that the action was barred by paragraph Fifth of the Indiana Statute of Frauds, being IC 1971, 32-2-1-1, supra, which provides:
"No action shall be brought in any of the following cases:
* * * * * *
"Fifth. Upon any agreement that is not to be performed within one [1] year from the making thereof; unless the promise, contract or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized; excepting, however, leases not exceeding the term of three [3] years. [1 R.S. 1852, ch. 42, § 1, p. 299.]"
Count one of the amended complaint alleged that plaintiff and defendants agreed that if plaintiff would decline acceptance of positions being offered to him at other institutions and remain at Indiana University and obtain the degree of Doctor of Philosophy, the defendants would, upon plaintiff's attainment of such degree, appoint him to the position of Assistant Professor and thereafter continue to appoint him to teaching positions for the term of plaintiff's life.
Plaintiff advances several arguments in support of his position that the agreement alleged is not within the Statute of Frauds and that the ruling of the court dismissing count one was error. The first argument, which we find dispositive of the issue, is that the agreement alleged is a contract of lifetime employment and that to such contracts the statute has no application.
In support of his position, plaintiff directs our attention to the decisions Toni v. Kingan & Co. (1938), 214 Ind. 611, 15 N.E.2d 80; Cox v. Baltimore and Ohio Southwestern Railroad Co. (1913), 180 Ind. 495, 103 N.E. 337; and Pennsylvania Co. v. Dolan (1892), 6 Ind. App. 109, 32 N.E. 802. Plaintiffs in each of these cases were employees who had been injured during the course of employment. In consideration for their promises to forebear prosecution of claims for damages resulting from the injuries, the employers agreed to provide them with lifetime employment. However, plaintiffs were subsequently discharged by their employers. In each decision, the court rejected the employer's argument that the oral promise of lifetime employment was within the Statute of Frauds.
The courts of this State have consistently held that the one year clause of the Statute of Frauds has no application to contracts which are capable of being performed within one year from the making thereof. Frost v. Tarr (1876), 53 Ind. 390; Holcomb & Hoke Manufacturing Co. v. Younge (1937), 103 Ind. App. 439, 8 N.E.2d 426; Hurd v. Ball (1957), 128 Ind. App. 278, 143 N.E.2d 458. Thus, an oral agreement the performance of which is dependent upon the happening of a certain contingency is not encompassed by the Statute, provided the contingency is one which could possibly occur within one year. Freas v. Custer (1929), 201 Ind. 159, 166 N.E. 434; Purity Maid Products Co. v. American Bank and Trust Co. (1938), 105 Ind. App. 541, 14 N.E.2d 755. In a contract of lifetime employment, death is the contingency which renders the agreement fully performed. Since the contingency is one which may occur at any time, such a contract by its terms is capable of being performed within one year and is therefore not within the Statute. See, 2 Corbin, Contracts § 446 (1950).
*890 The exact date upon which the alleged agreement between plaintiff and defendants was formed cannot be ascertained from an examination of the amended complaint. At the same time, however, it does not affirmatively appear that the alleged agreement could not have been performed within a year from its making. There is nothing to indicate that plaintiff could not have completed his required performance within a year, regardless of the formation date of the agreement and, of course, plaintiff could have upon the fulfillment of the conditions necessary to bind defendants immediately died, thereby rendering the agreement fully performed.
Defendants argue that the agreement alleged in the amended complaint is analogous to a contract of employment which was determined to be within the one year clause of the Statute of Frauds in the case of ITT Cannon Electric, Inc. v. Brady (1967), 141 Ind. App. 506, 230 N.E.2d 114. Therein, following discharge by his employer, the plaintiff brought an action seeking damages for breach of an alleged oral contract of employment providing for a minimum term of eighteen months. The contract was held to be within the statute on the ground that this alleged minimum term rendered it incapable of performance within one year.
Defendants in the instant case argue by attempted analogy that the claimed "lifetime" contract of employment was not to commence until the expiration of plaintiff's initial three year appointment to the rank of Assistant Professor. Thus, defendants envision their required performance under the contract to be a single appointment for the period of plaintiff's life which, due to an intervening three year appointment as Assistant Professor, could not have been made within one year of the formation of the contract. However, as we interpret plaintiff's allegations, the performance to which defendants were bound was that of making successive appointments for the period of plaintiff's life, commencing with a three year appointment as Assistant Professor. At issue herein is the enforceability of the agreement to make the successive appointments. Its essential character is that of a contract to enter into subsequent successive contracts, and as such, its enforceability for purposes of the Statute of Frauds is not dependent upon the periods of performance of such subsequent contracts. See, Coughlin v. McGrath (1936), 295 Mass. 499, 4 N.E.2d 319; Collins v. Snow (1914), 218 Mass. 542, 106 N.E. 148. Therefore, the length of any appointments made pursuant to the agreement sued upon by plaintiff is not relevant to the issue presented herein.
For the foregoing reasons, we conclude that plaintiff's action for damages for breach of the contractual agreement alleged is not barred by paragraph Fifth of the Indiana Statute of Frauds. Therefore, the trial court erred in sustaining defendants' motion to dismiss addressed to the first count of plaintiff's amended complaint.
Defendants envision dire consequences stemming from a holding that the agreement alleged is not within the Statute of Frauds. Our only response is that any such considerations are not relevant to the narrow legal issue with which we have been presented. Further, with respect to questions of the availability to defendants of any other defenses either in law or in fact to plaintiff's contractual claim, our decision herein serves as no precedent.

II.
The other issue presented for review is whether the second count of plaintiff's amended complaint stated a claim upon which recovery could be had in tort. Therein, plaintiff generally alleged that assurances by defendants precipitated development of a valid expectation of advancement and employment in a secure professional position with Indiana University, thereby vesting him with a significant *891 prospective advantage. Plaintiff further alleged the rejection of offers of positions with other educational institutions in reliance on the expectation of prospective advantage assured to him by defendants.
The tortious conduct asserted by plaintiff is found in the following allegation:
"However, despite their earlier assurances to plaintiff-Kiyose, defendants and others who were officers, employees and agents of Indiana University, wrongfully interfered with the prospective advantage expected by plaintiff Kiyose. Such acts of interference were performed by the defendants in communications informing the plaintiff that he would not be reappointed for the academic year 1974-1975."
The development of the tort of interference with prospective advantage has been parallel to that of interference with contractual relations. For the most part, the expectancies protected by the former have been those of future contractual relations. Prosser, Torts § 130 (4th ed. 1971). Thus, in certain hypothetical instances the tortious character of an act of interference may hinge upon a determination of the time of its commission in relation to the time of the formation of a contract. See, Helvey v. O'Neill (1972), Ind. App., 288 N.E.2d 553. It is therefore logical to assume that certain underlying principles are shared.
With respect to the tort of interference with contractual relations, it is firmly established that a breach by the defendant of his own contract with the plaintiff is not actionable. See, Prosser, Torts § 129 (4th ed. 1971) at 934 and cases cited therein. Also see cases cited at 26 A.L.R.2d at 1268. Inasmuch as it is our opinion that logic dictates equal application of this principle in the instance of an alleged interference with a prospective advantage, it is at this point that questions arise concerning the adequacy of plaintiff's statement of claim in the case at bar. The persons alleged to have interfered with plaintiff's prospective advantage are those who were alleged to have created the expectancy through prior representations and assurances.
In apparent anticipation of our question, plaintiff has argued that in creating the expectancy defendants were acting in their representative capacities as agents of Indiana University but that in notifying plaintiff of his non-reappointment, defendants were acting in their individual capacities. However, the problem with this assertion is that pursuant to the allegations of the amended complaint, the non-reappointment of faculty members lay within the scope of defendants' official duties.
The recognition of liability of an agent for wrongful interference with the contractual obligations of his principal is not without precedent. Eg. Morris v. Blume (1945), Sup., 55 N.Y.S.2d 196, aff'd 269 App.Div. 832, 56 N.Y.S.2d 414; Carpenter v. Williams (1930), 41 Ga. App. 685, 154 S.E. 298. However, in accordance with what we believe to be the better view, liability does not accrue for the performance of acts lying within the scope of the agent's duties. See, Widger v. Central School District (1964), 20 A.D.2d 296, 247 N.Y.S. 2d 364. Plaintiff's amended complaint alleges only the commission of acts lying within the scope of defendants' duties; therefore, it failed to allege tortious conduct.
It is true that the complaint need not set forth all of the elements of a cause of action, and that only the operative facts involved in the litigation need be pleaded. State v. Rankin, supra. Despite the rather illusory character of this standard, we are of the opinion that it requires at the very least a description of the tortious conduct forming the basis of the plaintiff's claim. Therefore, in the absence of an allegation demonstrating commission by the defendants of any tortious act, we must conclude that the trial court did not err in dismissing the second count of plaintiff's amended *892 complaint for failure to state a claim upon which relief could be granted.

CONCLUSION
The trial court did not err in dismissing the second count of plaintiff's amended complaint, and to that extent, the judgment of the trial court is affirmed. However, the court erred in dismissing the first count of the amended complaint, and to that extent the judgment is reversed and remanded with instructions to reinstate that count of the amended complaint.
Affirmed in part; reversed in part.
ROBERTSON, C.J., and LOWDERMILK, J., concur.