MULLEN & JUNKIN *v.* BYRD & CLOPTON.

(Division B. May 20, 1929.)

[122 So. 485. No. 27915.]

216

*L. T. Kennedy,* of Natchez, for appellants.

*Brunini & Hirsh,* of Vicksburg, for appellants.

*Wm. I. McKay,* of Vicksburg, for appellees.

Argued orally by *L. T. Kennedy,* for appellant

ETHRIDGE, P. J., delivered the opinion of the court.

Byrd & Clopton, a partnership composed of Alonzo L. Byrd and Bettison W. Clopton, filed a declaration in the circuit court, alleging that on October 16, 1924, there had been awarded a written contract by the Mississippi river commission to construct certain specific levee work at and for the price of thirty-eight cents per cubic yard; that said Byrd & Clopton sublet or assigned said contract to Mullen & Junkin, a partnership composed of William C. Mullen, and William J. Junkin, in writing, by which said Mullen & Junkin were to take over and construct said work at a price so as to give Byrd & Clopton two cents per cubic yard profit as compensation for their contract. It was alleged in the declaration that the Mississippi river commission did not object to said subletting or assignment, but acquiesced therein, and that the plaintiffs performed their part of the contract sued on, and that the defendants failed and refused to perform their part of the contract, whereupon the Mississippi river commission performed the work in the place of the defendants and plaintiffs, and that by reason of said fact the plaintiffs lost and were damaged to the extent of two cents per cubic yard on one hundred eighty-seven thousand cubic yards, or the sum of three thousand seven hundred and forty dollars. The contract was not made an exhibit to the declaration as originally filed, and a demurrer was sustained thereto, but the plaintiffs amended the declaration making a copy of said contract an exhibit to the declaration. To this amended declaration the defendants interposed a demurrer which was overruled. Thereupon the defendants pleaded the general issue, and a trial was had. The plaintiffs introduced evidence in support of the declaration, among other things, setting up that the Mississippi river commission knew of said assignment of the contract; that they had a copy of it; that they did not object to it; and

that they accepted the defendants as subcontractors. The defendants introduced no evidence, and the court below granted the plaintiff's request for a peremptory instruction.

Among the provisions in the contract between plaintiffs, the original contractors, and the Mississippi river commission was an article or clause reading as follows: "Article 12. Neither this contract, nor any interest therein shall be transferred to any other party or parties, and in case of such transfer the United States may refuse to carry out this contract either with the transferer or the transferee, but all rights of action for any breach of this contract by the contractors are reserved to the United States." This provision in the contract is substantially that of Revised Statutes U. S., section 3737; U. S. C. A., title 41, section 15, which reads as follows: "No contract or order, or any interest therein, shall be transferred by the party to whom such contract or order is given to any other party, and any such transfer shall cause the annulment of the contract or order transferred, so far as the United States are concerned. All rights of action, however, for any breach of such contract by the contracting parties, are reserved to the United States."

It is the contention of appellants that because of that clause in the contract, and because of the statute, the contract between plaintiffs and defendants was void, and would not support a right of action, and that, consequently, the circuit court erred in not sustaining the demurrer, and also in giving a peremptory instruction.

We think the clause in the contract is for the benefit of the United States government, and that the government may or may not, at its option, permit an assignment of a contract originally let, and that this view is sustained by the case of *Dulaney* v. *Scudder* (C. C. A.), 94 F. 6, and the authorities cited therein. It is true that in the *Dulaney* v. *Scudder case* the contract was fully performed, and that in the case before us the contract had not been

fully performed. We think that, before parties can set up defenses to a contract of this kind, the parties must have requested the United States, or the commission or other body making the contract on behalf of the United States, to consent to such assignment, and if the United States refused to have either forfeited the contract, or insisted upon performance by the original contractor and notify the other party of such refusal. Had this been done, then the defendants might have interposed the defense, but in the case before us the evidence is to the effect that the Mississippi river commission, having charge of the contract on behalf of the United States, acquiesced and consented to the assignment, and, therefore, such defense cannot prevail.

In case of a contract such as that involved in the case before us, it is the duty of both parties to an assignment or subletting to use their offices and influence to procure consent to an assignment of subletting of a contract, and neither will be permitted to set up nonassignability without the consent of the government, unless he has done what was in his power to procure such assignment. Neither the statute, nor the contract itself, absolutely prohibits an assignment of a contract, but only prohibits assignments when done without the consent of the government, reserving the right of the government to dissent from such assignment.

We are, therefore, of opinion, that the court correctly overruled the demurrer interposed to the amended declaration, and that the court was correct in granting the peremptory instruction for the plaintiffs. The judgment is affirmed.

*Affirmed.*