JAMES M. COUGHLIN *vs.* JOHN J. McGRATH & others.

Berkshire.    September 15, 1936. — October 28, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Equity Pleading and Practice,* Master: objections to report. *Contract,* Provision against assignment, Parties. *Agency,* Undisclosed principal. *Frauds, Statute of. Partnership,* Accounting.

The mere fact, that a master who heard a suit in equity annexed to his report objections filed by the defendant without a certificate showing compliance by the defendant with Rule 90 of the Superior Court (1932) as to the time of the bringing in of objections to the master, did not make erroneous the allowance of a motion by the plaintiff that such objections be struck from the record, supported by an affidavit that they were not brought in to the master within the time required by the rule.

A provision in a contract by a city with an individual prohibiting assignment of the contract or delegation of the duties thereunder without consent of the board of health in writing was of no avail to the individual in defence of a suit in equity brought against him by one who was his silent partner in the enterprise for an accounting of the profits realized from the contract, where it appeared that the city was a party to the suit and did not raise any contention that the provision of the contract had been broken, that there was no fraud or wrongdoing by the plaintiff, and that the contract had been fully performed to the satisfaction of the board.

An oral agreement to form a partnership to submit a bid to a city board for a contract which would require five years for performance and, if the bid was successful, to carry out the contract, was not within the provisions of the statute of frauds.

BILL IN EQUITY, filed in the Superior Court on August 20, 1932.

From an interlocutory decree confirming a master's report, entered by order of *Donahue,* J., and the denial of a motion to

recommit the report and a final decree, entered by order of *T. J. Hammond*, J., the defendant John J. McGrath appealed; and he also alleged an exception to the denial by *Fosdick*, J., of a motion described in the opinion.

*H. L. Harrington*, for the defendants.

*F. M. Myers*, for the plaintiff.

PIERCE, J.    This is a suit in equity for a partnership accounting, and for injunctive relief against an alleged partner, the defendant John J. McGrath (hereinafter called the defendant), against several defendants who are alleged to have in their hands money owing to the defendant, and against the city of North Adams. The plaintiff alleges that the defendant, acting under a partnership agreement, had obtained a contract with the city of North Adams for the collection and disposal of garbage, and that he refused to account for the profits of the contract. The defendant denied that any partnership was entered into.

The case was sent to a master who found the following material facts: Some time in April, 1927, the board of health of the city of North Adams advertised for bidders who were willing to enter into a contract with that city for the collection of garbage for a term of five years, beginning on the first day of November, 1927. The plaintiff, one Frank De Falco, and the defendant formed an oral partnership for the purpose of bidding for said contract, and, if awarded the same, for the purpose of fulfilling the terms thereof or doing and performing all things necessary thereto, of sharing the net profits of the venture equally, and of bearing the losses in equal shares or parts. The agreement of the parties was that the defendant would be the ostensible proprietor of the business, and that the plaintiff and De Falco as silent partners would assist in raising funds for the venture and would render such service as would be reasonably required. Some of the members of the board of health of North Adams knew that the plaintiff and De Falco were joining with McGrath in conducting the business required by the contract, and such knowledge convinced them that the work would be satisfactorily done, and influenced their vote in awarding the contract. McGrath obtained the contract, and the work

under it was performed for five years from November 1, 1927. At the end of that five-year period, the contract was renewed in terms between McGrath and the city for an additional five-year period. On September 14, 1929, De Falco's interest was purchased, leaving the plaintiff and the defendant as the partners. Shortly before the securing of the renewal of the contract, the defendant promised the plaintiff an accounting, but soon thereafter he stated that he owed the plaintiff nothing, that the plaintiff had no writing. The plaintiff did not regard the statement of the defendant as a dissolution of the partnership by expressed will, but regarded it as a denial of legal responsibility. The master also found that from April or May, 1930, the value of the defendant's services to the partnership was $1,500, and that unless the defendant is barred from remuneration therefor by G. L. (Ter. Ed.) c. 108A, § 18 (f), or by some other rule of law, the plaintiff was entitled as his share of the profits to $5,586.78 plus interest amounting to $522.36; but that if the defendant is so barred the plaintiff's share is $6,336.78 with interest amounting to $592.49.

The master further found that no period of time was mentioned by the parties to the oral partnership agreement and that the specifications for the contract provided that "the contractor or contractors further agree not to assign or sublet this contract, or any part thereof, directly or indirectly, nor allow any person or persons, other than themselves, their employees, or agents, to carry out the work contemplated under the terms of this agreement without first obtaining the written consent of the Board of Health; and the contractor or contractors shall be responsible for all work so sublet." He found also that no written consent was obtained from the board of health that the contract should be performed by the alleged partners.

At a hearing on the draft report on March 23, 1934, counsel for the plaintiff made suggestions regarding certain items of disbursement by the defendant prior to November 1, 1932, and agreed that they might be incorporated into the record provided they were sent to the master accompanied by vouchers. The master in his report stated

that the statements in which the items appeared had been sent, but were not accompanied by the vouchers, and that no proof had been made. He therefore refused to consider the items. Objections of the defendant were apparently appended to the master's report.

After the filing of the master's report on June 9, 1934, the plaintiff on June 11, 1934, filed a motion to strike out the defendant's objections on the grounds that the objections were not brought in to the master within the ten days allowed by Rule 90 of the Superior Court (1932), and that no notice was given to the plaintiff as required by Rule 21 of the Superior Court (1932). On September 14, 1935, the defendant's motion to recommit the report for the correction of alleged errors in the master's findings, filed on July 7, 1934, was denied by an interlocutory decree, which also struck the defendant's objections from the record and confirmed the master's report. The defendant excepted to this action of the trial judge.

On October 4, 1935, the defendant filed a motion to correct errors in the master's report, or to recommit the report for correction on the ground that the master failed to consider the list of additional disbursements which the parties had agreed to allow in. This motion was denied on November 5, 1935, and the plaintiff's motion for a final decree was allowed. By the final decree the plaintiff and the defendant were adjudged to be partners, and the defendant was adjudged to be indebted to the plaintiff on account of partnership business up to November 1, 1932, in the sum of $6,336.78, with interest amounting to $1,140.62, and costs of $134.30. The defendant appealed from the denial of his motion to recommit and from the final decree.

The defendant thereafter filed a motion in the Superior Court to order the clerk to include in the defendant's appeal as exhibits the vouchers for the above mentioned items of disbursement. This motion was denied, and from the denial of this motion the defendant prosecutes his substituted bill of exceptions. The documents printed in the

record on appeal which are necessary to the bill of exceptions are to be incorporated in the bill of exceptions.

The defendant argues that his objections were improperly struck from the record inasmuch as they were appended to the report by the master. The plaintiff's motion to strike out was based on the failure of the defendant to bring in the objections to the master within ten days of the settling of the draft report under Rule 90 of the Superior Court (1932), and upon his failure to give written notice under Rule 21 of the Superior Court (1932). The record does not disclose when the draft report was settled. The plaintiff's motion was supported by affidavit as to the facts which were not on the record. The motion was granted, and it does not appear from the record that error was committed. The defendant's argument that the fact that the master appended the objections to his report was conclusive on the question of compliance with Rule 90 has little merit. To admit such a power in the master is to vest in him the power to extend the time for the bringing in of objections, which power is vested only in the court. Rule 2 of the Superior Court (1932). Compare *Nye* v. *Whittemore,* 193 Mass. 208, 209; *Berenson* v. *H. G. Vogel Co.* 253 Mass. 185, 187. The mere fact that the objections were appended to the report does not conclusively establish that they are properly here. *Whitworth* v. *Lowell,* 178 Mass. 43, 49, 50. If the objections were not brought in to the master within the time allotted, the defendant had no exceptions. *Commissioner of Banks* v. *Tremont Trust Co.* 267 Mass. 331, 336. It is to be noted also in the case at bar that no certificate showing compliance with the rule was included by the master in the report. Rule 90 of the Superior Court (1932). It follows, therefore, that the defendant has shown no error in the striking out of his objections to the master's report.

The question as to whether the additional items of disbursement should have been considered lies at the foundation of the defendant's exceptions to the denial of his motion for the recommittal of the report so as to include

such items, and to the denial of his motion to order the clerk to include the vouchers as part of the record. Counsel for the plaintiff had agreed to allow such items to be incorporated into the record provided that the items together with vouchers were sent to the master. The master in the report stated that the items had been sent but "No vouchers have been sent and no proof has been made," and under the agreement of the parties he would not consider the items. The defendant argues that the vouchers had been sent to the master and were used by him. The motions were properly denied because the defendant did not ask the master to report his ruling either by a direct request or by bringing in seasonably objections to the master's refusal to consider the items. Compare *Cook* v. *Scheffreen*, 215 Mass. 444, 447, 448. Assuming, however, that the defendant was entitled to raise the question by a motion to recommit, the motion was properly denied. The basis of the motion was one of fact, and facts supporting the defendant's contention neither appeared in the record nor were agreed upon by counsel. In such circumstances the motion should have been supported by an affidavit as to those facts. Rule 46 of the Superior Court (1932). *Koch, petitioner*, 225 Mass. 148, 150. *Lunn & Sweet Co.* v. *Wolfman*, 268 Mass. 345, 349. The defendant, not having complied with said rule, cannot complain that his motion was not granted. As the vouchers were not a part of the case, the defendant had no right to have them included in the record. *Pearson* v. *Mulloney*, 289 Mass. 508.

The question remaining is whether the decree was in conformity to the findings of fact. On this branch of the case, the defendant argues that the decree ordering an accounting was erroneous in the light of the findings of the master that the partnership was formed for the purpose of obtaining a contract with the city of North Adams, that McGrath was to be the ostensible proprietor of the business, that the contract was made by him as principal, that the specifications for the contract contained a clause prohibiting assignment of the contract or delegation of the duties thereunder without the written consent of the board of health, and that no

such written consent had been obtained. The defendant contends that the partnership was formed for an illegal purpose, that consequently the plaintiff as a partner was not entitled to an accounting, and that he does not come into equity with clean hands.

There is no finding that the city of North Adams or its board of health expressed any unwillingness to contract with the partnership. In fact, to the contrary, there was a finding that at least some members of the board of health, which awarded the contract, knew of the plaintiff's connection in the matter and approved of it. It may be argued that the clause against assignment in the specifications for the contract shows that the city was in terms excluding any undisclosed principal. Such a provision has been said to be evidence of that fact, but it is not enough in itself to require the result that all undisclosed principals are excluded. See Am. Law Inst. Restatement: Agency, § 303, Comment c. It is apparent that by that provision the city wished to retain the liability of the ostensible principal on the contract, and to retain his personal supervision over the performance of the contract. Nothing appears in the findings to require the conclusion that it did not get what it bargained for, or that the welfare of the people of the city of North Adams would be vitally affected merely because the plaintiff was a silent partner, sharing in the profits of the contract. That argument might have had greater weight had it appeared that the defendant had entirely delegated the performance under the contract to the plaintiff. It follows that the partnership not only did no wrong as to the city, but that it might even have sued as an undisclosed principal to enforce the contract.

Assuming that the provision against assignment required the conclusion that the plaintiff or the partnership could not become a party to the contract so as to be able to sue on it, such defence is not open to the defendant. The city of North Adams was joined as a party defendant, and it filed an appearance through counsel. It raised no objection that the provision against assignment had been broken. It has received full performance under the contract, and was ap-

parently satisfied with the work as performed; it could legally waive the provision as to assignments. In similar circumstances it has been held that such a provision could be taken advantage of only by the party for whose benefit it was inserted. *Mullen* v. *Byrd*, 154 Miss. 215, 220, 221. *Hogue* v. *Minnesota Packing & Provision Co.* 59 Minn. 39, 43, 44. *Gwynne* v. *Goldware*, 102 Neb. 260, 264. *Fortunato* v. *Patten*, 147 N. Y. 277, 281, 282. *Brewster* v. *Hornellsville*, 35 App. Div. (N. Y.) 161, 166, 167. In the case at bar, in the absence of a finding of actual fraud or other wrong dealing in the obtaining of the contract, it follows that the findings furnish no defence of which the defendant may avail himself in order to excuse the renunciation of his duties as a partner to the plaintiff.

The defendant contends that the partnership agreement was unenforceable because it was an oral agreement not to be performed within a year. On this point the master found that the parties had agreed upon no definite time for the duration of the partnership. The defendant's argument is that the partnership agreement, by which a contract for five years was to be obtained, was an agreement not to be performed within a year, and hence within the statute of frauds. But an agreement to enter a contract where the latter contract is to run for longer than a year is not within the statute of frauds. *Collins* v. *Snow*, 218 Mass. 542, 545. In the case at bar, the terms of the partnership agreement were that a bid should be submitted and that an attempt should be made to obtain the contract. If the attempt had been made, and the contract had not been obtained, the agreement would have been performed at that time. "It has been repeatedly held that, if an agreement whose performance would otherwise extend beyond a year may be completely performed within a year on the happening of some contingency, it is not within the statute of frauds." *Carnig* v. *Carr*, 167 Mass. 544, 547, 548. It is unnecessary to decide, therefore, whether, the parties having actually entered into and fully performed the agreement, such a defence would have prevented the plaintiff from obtaining

an accounting in the absence of such performance.  See
Lindl. Part. (10th ed.) 102.

It follows that the decree should be affirmed with costs,
and the exceptions be overruled.

*Ordered accordingly.*