THE FIRST NATIONAL BANK OF BOSTON *vs.* FAIRHAVEN AMUSEMENT COMPANY, INC. & another.

Suffolk.    March 3, 1964. — April 2, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Frauds, Statute of.    Contract,* Agreement to bid at foreclosure sale.    *Conflict of Laws.*

The applicability of the statute of frauds to an oral contract made in Massachusetts to bid at a judicial sale of property in another State was to be determined by the law of Massachusetts.    [244]

Irrespective of whether a judicial sale of an interest in land was within the statute of frauds, G. L. c. 259, § 1, Fourth, a preliminary oral agreement to bid for such interest at the sale was within the statute.    [244–245]

An oral agreement to bid for a leasehold of land at a judicial sale pertained to an interest in land and was within the statute of frauds, G. L. c. 259, § 1, Fourth.    [245]

The whole of an oral agreement to bid an indivisible amount for both personal property and an interest in land at a judicial sale was within the statute of frauds, G. L. c. 259, § 1, Fourth.    [245]

CONTRACT.    Writ in the Superior Court dated April 4, 1961.

The action was tried before *Spring,* J.

*Aaron J. Bronstein & Allan W. Drachman,* for the plaintiff, submitted a brief.

*Robert M. Bonin* for the defendants.

SPALDING, J.    The pertinent evidence most favorable to the plaintiff was as follows: On July 22, 1958, the defendants made an oral agreement with the plaintiff.    Under its terms, the defendants were to bid at least $135,000 at a judicial foreclosure sale for personal property on which the plaintiff held a chattel mortgage and for the interest in a ten year lease of real estate which had been assigned to the plaintiff.    The property had been used in connection with the operation of a drive-in theatre in Newington, Connecticut.    The sale was held on February 6, 1959, in Connecticut pursuant to an order of the Superior Court of Hartford

County, but the defendants failed to bid. The property, consisting of personal property and the leasehold interest, was sold to one Poland, the highest bidder, for $85,000. On February 16, 1959, the sale was confirmed by the court.

The plaintiff brought this action of contract to recover the sum of $50,000, the difference between the amount realized at the sale and the amount the defendants agreed to bid for the property. The defendants pleaded the statute of frauds. G. L. c. 259, § 1, Fourth; c. 106, § 6. At the conclusion of the evidence the judge directed verdicts for the defendants on the ground that the agreement concerned an interest in land and, not being in writing, was within the statute of frauds. G. L. c. 259, § 1, Fourth.

The contract was made in this Commonwealth, and, as the plaintiff concedes, its enforceability is to be determined by the law of Massachusetts. See *Clark* v. *State St. Trust Co.* 270 Mass. 140, 150; *Thomas G. Jewett, Jr., Inc.* v. *Keystone Driller Co.* 282 Mass. 469, 475. The plaintiff argues that the agreement was to bid at a judicial sale, that such sales are not within the statute of frauds and that, therefore, the agreement to bid at the sale, although oral, is also not within the statute.

The plaintiff urges that unlike an ordinary auction, execution, or foreclosure sale, a judicial sale should not be within the statute of frauds because it is conducted under the superintendence of a court of equity which is well equipped to prevent the mischief which the statute of frauds was designed to prevent. Although recognizing that this court has never passed on the question, the plaintiff cites cases from other jurisdictions which hold that judicial sales do not come within the statute.[1] Whether we would so hold need not be decided. The validity of the preliminary contract is not necessarily determined by the ultimate contract. See *Coughlin* v. *McGrath,* 295 Mass. 499. Here the oral agreement sought to be enforced was not arrived at under

---

[1] *In re Susquehanna Chem. Corp.* 92 F. Supp. 917 (W. D. Pa.). *Campbell* v. *Carter,* 248 Ala. 294. *Cook* v. *Safe Deposit & Trust Co.* 172 Md. 398. *Andrews* v. *O'Mahoney,* 112 N. Y. 567, 572.

the aegis of a court and consequently was not clothed with such protection from fraud as would attend a judicial sale.

With respect to a foreclosure sale conducted pursuant to a power contained in the mortgage it has been held that an oral bid, no memorandum having been made by the auctioneer, was within the statute of frauds and unenforceable. *Weiner* v. *Slovin,* 270 Mass. 392. We are of opinion that the present case falls within the principle of the *Weiner* case.

The plaintiff also argues that the agreement to bid $135,000 at the sale for the leasehold and personal property was not "a contract for the sale of lands, tenements or hereditaments or of any interest in or concerning them." G. L. c. 259, § 1, Fourth. The leasehold was an interest in land and subject to the statute of frauds. *McMullen* v. *Riley,* 6 Gray, 500. *O'Brien* v. *Hurley,* 331 Mass. 172, 176. *Inderlied* v. *Campbell,* 119 Maine, 303. The bid price was indivisible and made no allocation of value between the interest in land and the personal property, and thus brought the entire agreement within the statute. *Irvine* v. *Stone,* 6 Cush. 508, 512–513. *Hurley* v. *Donovan,* 182 Mass. 64, 68–69.

The judge rightly directed verdicts for the defendants.

*Exceptions overruled.*