NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-751

WAYNE P. CAPOLUPO

vs.

CAMILLE MIRAGLIOTTA DALY, personal representative,[1] & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Wayne P. Capolupo, sued Camille Miragliotta Daly and David Sheafer, Jr., personal representatives of the estate of the decedent, Ronald Michael Peredna, to enforce an alleged oral contract to purchase real property and other assets.  Daly (defendant) moved for summary judgment.  A judge (motion judge) allowed the motion as to the first two claims of the complaint but denied it as to the third count.  After a six-day jury trial in Superior Court, the jury found that there was

_____

[1] Of the Estate of Ronald Michael Peredna.

[2] David Sheafer, Jr., personal representative of the Estate of Ronald Michael Peredna; Perci Almeida and Jose Peixoto, interveners.  Sheafer, Almeida, and Peixoto did not participate in this appeal.

no agreement between the plaintiff and Peredna and therefore rejected the plaintiff's contract claim.  Both parties appealed.  The plaintiff argues that the trial judge made various errors in evidentiary rulings and jury instructions requiring that the judgment be vacated and a retrial ordered.  On cross appeal, the defendant argues that the motion judge erred in denying her motion for summary judgment as to the plaintiff's third and final claim.  We conclude that the third claim failed as a matter of law, and that accordingly, the defendant's motion for directed verdict at trial should have been granted in the defendant's favor.  Accordingly, we affirm the judgment on that alternative ground.

Background.  1.  The alleged agreement.  The jury could have found the following facts.  Peredna was the owner and operator, either directly or indirectly, of Cristy's Beach Pizza, Inc. (two locations); 11 Broadway Holding, LLC; as well as real estate in both Salisbury, Massachusetts, and Hampton, New Hampshire (Peredna's assets).

The plaintiff attested that he is a resident of Salisbury and has been a principal in many real estate transactions, both residential and commercial.  Through a variety of legal entities, the plaintiff has substantial commercial real estate holdings in Salisbury.

2

In the summer of 2018, the plaintiff and Peredna engaged in negotiations for the sale of Peredna's assets to the plaintiff. The plaintiff alleged that on September 26, 2018, they entered into an oral agreement that the plaintiff would purchase the assets from Peredna for the sum of $2 million. According to the plaintiff's handwritten notes of the meeting, which he alleged to have prepared in Peredna's presence, he would purchase four parcels of land in Salisbury,[3] one parcel of land in Hampton,[4] and "take over [the] business" on November 1, 2018. Purchasing the business entailed buying all of the stock in Cristy's Beach Pizza, Inc., and all of the membership interests of 11 Broadway Holding, LLC. Cristy's Beach Pizza, Inc., owned one parcel of real property located at 1 Riverview Terrace, Hampton, New Hampshire. 11 Broadway Holding, LLC, owned a second parcel of real property, located at 11 Broadway, Salisbury, Massachusetts. The plaintiff and Peredna did not discuss a separate price for the business, for any individual parcel of real estate, or for the real estate collectively. Despite the plaintiff's allegation that they reached an agreement, Peredna did not sign

---

[3] The four parcels of land in Salisbury were: 24-26 North End Boulevard, 5 Broadway, and 11 Broadway.

[4] The parcel of land in Hampton was 1 Riverview Terrace.

the plaintiff's contemporaneous notes or otherwise state in writing his acceptance of the offer.

Peredna died on October 8, 2018.  On December 1, 2018, the plaintiff, through counsel, sent a demand letter to the defendant's attorney requesting performance of the alleged agreement for the purchase and sale of "Peredna's two pizza businesses, known as 'Christy's Pizza', [sic] the real estate in Hampton Beach, New Hampshire and Salisbury Beach . . . and Mr. Peredna's three rental properties (two commercial and one residential) at Salisbury Beach."  On February 18, 2019, an attorney representing the defendant wrote to the plaintiff and notified him that the defendant, the personal representative of Peredna's estate, had investigated the plaintiff's demand, had determined that it had no merit, and therefore had denied it.

2. Procedural history.  The plaintiff filed his amended complaint on September 25, 2019, alleging three alternative claims:  (1) breach of contract seeking enforcement of the entire contract; (2) breach of contract seeking enforcement of a part of the contract at a reduced purchase price; and (3) breach of contract seeking enforcement of a part of the contract at the full purchase price.  Specifically, in his third claim, the plaintiff sought enforcement of an agreement to purchase "all of

4

the stock in Cristy's Beach Pizza, Inc. and all of the membership and ownership interests in 11 Broadway Holding, LLC."

On February 1, 2022, the defendant moved for summary judgment. The defendant argued, among other things, that any agreement was unenforceable because it did not comply with the Statute of Frauds, G. L. c. 259, § 1. On September 23, 2022, the motion judge granted summary judgment on the plaintiff's first claim, and, with the agreement of the parties, on his second claim as well. The motion judge denied summary judgment as to his third and final claim.

The parties tried the final claim to a jury. At the end of the plaintiff's case-in-chief, the defendant moved for a directed verdict, arguing, in essence, that the plaintiff had failed to establish that the agreement complied with the Statute of Frauds. The trial judge denied the motion, stating the argument "would have been more of an argument to be made at summary judgment." On December 12, 2023, the jury found that the plaintiff and Peredna had not entered into a contract, and judgment entered in the defendant's favor. The plaintiff timely appealed and the defendant timely cross-appealed.

Discussion. On appeal, the plaintiff alleges various trial errors relating to evidentiary rulings and jury instructions. Because we agree with the defendant's argument on cross appeal

5

that the plaintiff's final claim failed as a matter of law,[5] however, we need not parse the plaintiff's arguments.  See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954) ("Other points, relied on by the [plaintiff] but not discussed in this [decision], have not been overlooked.  We find nothing in them that requires discussion").  Even if the judge erred with regard to the plaintiff's evidentiary claims, his ultimate claim at trial failed as a matter of law independently of such alleged errors.  See David J. Tierney, Jr., Inc. v. T. Wellington Carpets, Inc., 8 Mass. App. Ct. 237, 242 (1979) (alleged legal error "immaterial" on appeal where final decision ultimately correct).

---

[5] The defendant argues on cross appeal that the motion judge erred in denying her motion for summary judgment on the plaintiff's third claim.  Generally, a denial of summary judgment after a trial on the merits may not be reviewed on appeal as "[t]he merits of a claim are better tested on appeal on the record as it exists after an evidentiary trial than on the record in existence at the time" of the summary judgment motion.  Deerskin Trading Post, Inc. v. Spencer Press, Inc., 398 Mass. 118, 126 (1986).  However, there are exceptions to this general rule.  See Waxman v. Waxman, 84 Mass. App. Ct. 314, 322 n.9 (2013) (contemplating review of denial of summary judgment on issue of law if subsequent trial excluded issue of law).  The dispositive question here is whether the alleged agreement between the plaintiff and Peredna was governed by and satisfied the Statute of Frauds.  Arguably, under the circumstances here, the motion judge's resolution of this issue on summary judgment might be reviewable on appeal.  We need not decide this issue, however, because we decide that, as a matter of law, the defendant's motion for a directed verdict should have been granted.

1. <u>Standard of review</u>.  "When reviewing the denial of a motion for directed verdict or judgment notwithstanding the verdict, we apply the same standard as the trial judge." <u>Parsons</u> v. <u>Ameri</u>, 97 Mass. App. Ct. 96, 105 (2020).  We "construe the evidence in the light most favorable to the nonmoving party and disregard that favorable to the moving party."  <u>O'Brien</u> v. <u>Pearson</u>, 449 Mass. 377, 383 (2007).  "Our duty in this regard is to evaluate whether 'anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be made in favor of the [nonmovant].'"  <u>Id</u>., quoting <u>Turnpike Motors, Inc</u>. v. <u>Newbury Group, Inc</u>., 413 Mass. 119, 121 (1992).

2. <u>Statute of Frauds</u>.  Agreements for the sale of real property are enforceable only to the extent that they comply with the Statute of Frauds.  See G. L. c. 259, § 1.  "Unless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized," a contract for the sale of real property is not enforceable.  <u>Id</u>.  See <u>Pappas Indus. Parks, Inc</u>. v. <u>Psarros</u>, 24 Mass. App. Ct. 596, 598 (1987) (purpose of Statute of Frauds is to "suppress fraud, i.e.,

7

cooked up claims of agreement, sometimes fathered by wish, sometimes imagined in the light of subsequent events, and sometimes simply conjured up").  Accordingly, the defendant would have been entitled to judgment as a matter of law if the agreement did not comport with the Statute of Frauds.

There is no dispute that the alleged agreement between the plaintiff and Peredna contained an interest in real property. The question is whether that interest invalidates the entire agreement, or if the portion of the agreement addressing other assets may still be enforced.  Because "the offer did not differentiate between the interest in land and the interest in personal property, the entire agreement [falls] within the Statute of Frauds."  Schwanbeck v. Federal-Mogul Corp., 412 Mass. 703, 709 (1992).  A lack of differentiation is established where the offer price "was indivisible and made no allocation of value between the interest in land and the personal property." First Nat'l Bank of Boston v. Fairhaven Amusement Co., 347 Mass. 243, 245 (1964).  See Irvine v. Stone, 6 Cush. 508, 512-513 (1850) (when separate parts of contract stand wholly on others, each "must fall together").  Contrast Van Dusen Aircraft Supplies of New England, Inc. v. Massachusetts Port Auth., 361 Mass. 131, 138 (1972) (holding contract was divisible where "[e]ach of the several areas of leased land is separately

8

considered in the wording and structure of the lease" and monetary amounts for each were "separately and unconditionally stated, with no discernible relationship or connection").

The plaintiff concedes that the alleged oral agreement that he sought to enforce did not differentiate between the sum to be paid for Peredna's real estate holdings and the sum to be paid for his pizza business. However, in his third claim, the plaintiff sought to enforce the sale of only Peredna's interests in Cristy's Beach Pizza, Inc., and 11 Broadway Holding, LLC,[6] but for the full $2 million, the allegedly agreed-on price for all of Peredna's assets, including real property. There is no evidence, however, that the alleged oral agreement contemplated any apportionment of the purchase price between the real estate assets and the business assets.[7] Accordingly, the entire alleged agreement was subject to the Statute of Frauds. See Schwanbeck, 412 Mass. at 709; First Nat'l Bank of Boston, 347 Mass. at 245.

---

[6] We note that each of these two entities also had material real estate holdings. The Statute of Frauds might apply for that reason as well, but as discussed infra, we need not decide that question.

[7] While the record from the summary judgment proceedings included valuation reports for each of Peredna's individual assets, nothing in that record (or in the evidence offered at trial) provided an offer price (which we note could have been different than the corresponding valuation) for each individual asset, and thus there is no way to apportion the total offer price between Peredna's assets.

The plaintiff argues that he "was entitled to show that the Defendant will suffer no harm by having Mr. Capolupo purchase only some of the assets contracted for without a deduction in the $2,000,000 purchase price."  We disagree, however, that this approach comports with precedent applying the Statute of Frauds to oral contracts that encompass both real property and other assets.  There is some authority for the proposition that when one part of an agreement falls under the Statute of Frauds, a portion that does not fall under the statute may be enforced where enforcement would not cause an injustice to the defendant.  See Rand v. Mather, 11 Cush. 1, 7 (1853).  However, this reasoning follows only where the "sound" part can be severed from the "unsound."  Id.  Here, as explained above, the alleged agreement would have been governed by the Statute of Frauds because the offer did not differentiate the price to be paid for real property and the price to be paid for other assets.  See Schwanbeck, 412 Mass. at 709; First Nat'l Bank of Boston, 347 Mass. at 245.  In support of our view, we note that the material facts of First Nat'l Bank of Boston, supra at 243-244, are virtually identical to the facts here.  In that case, the oral contract was for "the interest in a ten year lease of real estate" and for "personal property . . . used in connection with the operation of a drive-in theatre."  Id. at 243.  Because the

contract price "was indivisible and made no allocation of value between the interest in land and the personal property," the entire agreement was governed by the Statute of Frauds. Id. at 245. The same is true here. There was no allocation of value between the pizza business and 11 Broadway Holding, LLC, on the one hand, and the real estate on the other. Accordingly, the Statute of Frauds governed all of the assets, including the interests in the entities the plaintiff sought to apportion in his third claim. Therefore, the defendant was entitled to judgment as a matter of law and we affirm on that alternative ground. See Gabbidon v. King, 414 Mass. 685, 686 (1993) ("It is well established that, on appeal, [this court] may consider any ground apparent on the record that supports the result reached in the lower court").

Judgment affirmed.

By the Court (Englander,
Toone & Wood, JJ.[8]),

Clerk

Entered: September 26, 2025.

---

[8] The panelists are listed in order of seniority.

11